UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LEE HOFFMAN, | No. 2:14-cv-2736 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| JUSTIN JOURDAN, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding pro se, with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. On January 28, 2013, plaintiff filed an amended complaint as of right. Fed. R. Civ. P. Rule 15(a)(1).

On March 23, 2013, plaintiff filed a motion for leave to amend his complaint. Plaintiff's motion was not, however, accompanied by a proposed amended complaint. As a litigant proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it. Thus, plaintiff's motion is denied without prejudice to its renewal, accompanied by a proposed second amended complaint.

In her motion to amend, plaintiff seeks to amend to add John Does now identified by name, to name Super 8 motel employees as defendants, and to add an alleged wrongful eviction claim.

1

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing

> party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

To the extent that the now-identified John Does were involved in the alleged excessive force claim raised against defendant Jourdan, plaintiff should include such individuals in any proposed second amended complaint. However, Super 8 motel employees do not act under color of state law. In addition, plaintiff's claim of wrongful eviction is not a constitutional violation, and is not related to the Fourth Amendment excessive force claim raised against defendant Jourdan. Thus, plaintiff should not seek to amend to add such employees or the alleged eviction claim in any second amended complaint.

If plaintiff chooses to file a motion to amend accompanied by a proposed second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is

because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Thus, plaintiff should include her allegations as to defendant Jourdan in any proposed second amended complaint.

Because it appears plaintiff seeks to file a second amended complaint, the court will not order service of process on defendant Jourdan.  However, because plaintiff has provided the documents for service of process for defendant Jourdan, plaintiff must file a motion to amend and proposed second amended complaint within thirty days.  If plaintiff fails to file such motion, this case will proceed on plaintiff's amended complaint, and the court will order service of process on defendant Jourdan.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 14) is denied without prejudice;

2. Within thirty days from the date of this order, plaintiff shall renew the motion to amend and submit a proposed second amended complaint; and

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint.

Dated:  March 27, 2015

/hoff2736.10b

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE