1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBIN LEE HOFFMANN,                         No.  2:14-cv-2736 MCE KJN P

12                  Plaintiff,

13          v.                                   ORDER

14   JUSTIN JOURDAN, ET AL.,

15                  Defendants.

16

17   I.  Introduction

18          Plaintiff is a former county jail inmate, proceeding pro se, with a civil rights action

19   pursuant to 42 U.S.C. § 1983.  Defendants move to dismiss plaintiff's second amended complaint

20   on the grounds that plaintiff failed to provide an adequate factual foundation for her alleged

21   excessive force claim, and failed to provide factual support for her remaining causes of action.

22   Plaintiff opposes the motion, but in the alternative, seeks leave to amend.  As explained below,

23   the court grants defendants' motion to dismiss, but also grants plaintiff leave to file a third

24   amended complaint.

25   II.  Plaintiff's Allegations

26          In the verified second amended complaint, plaintiff claims that on December 12, 2013,

27   defendants broke down her motel room door, and Corning Police Officer Jourdan punched

28   plaintiff four times in the face, tasered her, and jumped on top of her.  Plaintiff alleges that

1

Corning Police Officer Bassett jumped on top of her with Jourdan, and then defendant Officer Hill jumped on top of Jourdan and Basset while they were on top of plaintiff.  Plaintiff claims that Officer Fears stood at the door, witnessing everything, but did nothing.  Plaintiff claims that defendant Jourdan handcuffed plaintiff behind her back and took her to the hospital, where Jourdan assaulted her again in the exam room.  Plaintiff alleges that five hospital employees witnessed this assault and called the Red Bluff police on Jourdan.

Plaintiff alleges she suffered a broken left eye orbital bone and nose, and sustained long term jaw, spine, and brain injury, as well as a miscarriage, heart circulation issues, strokes, seizures, and scar burns from the taser.  Plaintiff claims that criminal charges were not filed against her until one month after she filed an insurance claim against the City of Corning, allegedly in retaliation for the claim against the city.

In addition to alleging defendants used excessive force in violation of the Fourth Amendment, plaintiff listed a series of potential state law causes of action within her statement concerning damages she allegedly sustained as a result of the incident on December 12, 2013. (ECF No. 16 at 4.)

III.  <u>Standards for a Rule 12(b)(6) Motion to Dismiss</u>

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); <u>see also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>

////

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071.  The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

IV.  Alleged Excessive Force Claim

The Fourth Amendment prohibits the use of excessive force and arrests without probable cause or other justification.  See Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865 (1989) ("claim[s] that law enforcement officials used excessive force in the course of making an arrest,

////

3

1  investigatory stop, or other 'seizure' . . . are properly analyzed under the Fourth Amendment's

2  'objective reasonableness' standard").  The Supreme Court explained,

> 3  As in other Fourth Amendment contexts . . . the "reasonableness"
> inquiry in an excessive force case is an objective one: the question
> 4  is whether the officers' actions are "objectively reasonable" in light
> of the facts and circumstances confronting them, without regard to
> 5  their underlying intent or motivation. An officer's evil intentions
> will not make a Fourth Amendment violation out of an objectively
> 6  reasonable use of force; nor will an officer's good intentions make
> an objectively unreasonable use of force constitutional.
> 7

8  Graham, 490 U.S. at 396-97 (internal citations omitted).  In applying this standard, the fact-finder

9  considers "the totality of the circumstances and . . . whatever specific factors may be appropriate

10  in a particular case."  Bryan v. MacPherson, 630 F.3d 805, 826 (9th Cir. 2010).

11      In Graham, the Supreme Court articulated factors that courts should typically consider in

12  an excessive force analysis:  "(1) the severity of the crime at issue; (2) whether the suspect poses

13  an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively

14  resisting arrest or attempting to evade arrest by flight."  Cameron v. Craig, 713 F.3d 1012, 1021

15  (9th Cir. 2013) (citing Graham, 490 U.S. at 396).  In addition to these factors, "a court (or jury)

16  may 'look to whatever specific factors may be appropriate in a particular case.'"  Cameron, 713

17  F.3d at 1021 (quoting Franklin v. Foxworth, 31 F.3d 873, 875-76 (9th Cir. 1994)).  Further, the

18  fact finder may consider "whether officers administered a warning, assuming it was practicable."

19  George v. Morris, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing Scott v. Harris, 550 U.S. 372,

20  381-82, 127 S. Ct. 1769 (2007)).  Ultimately, the "reasonableness" of the actions "must be judged

21  from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

22  hindsight."  Graham, 490 U.S. at 396.

23      Here, defendants contend that plaintiff failed to allege a proper factual foundation

24  concerning the circumstances surrounding the police entry into the motel room, including

25  plaintiff's own actions, specifically her response to the entry by defendants and their use of force,

26  and how the incident was resolved.  Plaintiff contends her factual allegations are sufficient.

27      Plaintiff's serious injuries, resulting from her alleged facts, taken as true, suggest that it is

28  plausible that excessive force occurred.  But defendants are correct that plaintiff failed to provide

4

1  a sufficient factual context to demonstrate that defendants' actions were objectively unreasonable

2  in light of the circumstances.  Plaintiff claims the officers broke down the door of the motel she

3  was staying in, but offers no explanation for the circumstances that arose on December 12, 2013,

4  or how the incident was resolved.  Indeed, it is unclear whether plaintiff was arrested on that

5  date,[1] and whether the officers entered the room without a warrant, or whether defendants had a

6  warrant.  Because plaintiff failed to fully set forth the circumstances surrounding this incident,

7  including her own actions, as well as what subsequently took place at the hospital as to defendant

8  Jourdan, the court is unable to evaluate the totality of the circumstances, or determine whether

9  defendants' actions were objectively reasonable in light of such circumstances.

10        Plaintiff's claim concerning defendant Fears is similarly lacking.  Inactivity in the face of

11  circumstances in which the reasonable police officer would know that he needed to take steps to

12  avoid the use, or continued use, of excessive force on a detainee will lead to liability.  Lolli v.

13  County of Orange, 351 F.3d 410, 418 (9th Cir. 2003).  One does not have to be a supervisor in

14  order to be liable for such "inactivity."  See Kraft v. Laney, No. CIV S-04-0129 GGH, 2005 WL

15  2042310, at *5 (E.D. Cal. Aug. 24, 2005) (citing Fundiller v. Cooper City, 777 F.2d 1436, 1441-

16  42 (11th Cir. 1985) ("It is not necessary that a police officer actually participate in the use of

17  excessive force in order to be held liable under section 1983.  Rather, an officer who is present at

18  the scene and who fails to take reasonable steps to protect the victim of another officer's use of

19  excessive force . . . can be held liable for his nonfeasance.")).  In the third amended complaint,

20  plaintiff must demonstrate that the other defendants used excessive force against her in order to

21  state a cognizable claim against defendant Fears for failure to take reasonable steps to stop the use

22  of excessive force against plaintiff.

23

---

24  [1]  In the exhaustion of administrative remedies of her first amended complaint, plaintiff stated that
the "Arrest warrant was eight months after color of law, Title 18."  (ECF No. 10 at 2.)  However,

25  as noted by defendants, it is unclear whether plaintiff's note refers to the December 12, 2013
incident.  In her motion to amend, plaintiff states she was given a key to the motel room the night

26  before by a motel employee after the employee ran plaintiff's Bank of America credit card.  (ECF

27  No. 14 at 2.)  But neither of these statements are included in the second amended complaint, and
neither of them provide the factual allegations needed to evaluate what took place on December

28  12, 2013.

In her opposition, plaintiff argues that she should be allowed to conduct discovery and be afforded an evidentiary hearing to develop a complete factual record and to determine the harm suffered by plaintiff, and the alleged conduct of each named defendant, and to discover documents supporting her claims and damages.  (ECF No. 24 at 6-7.)  However, discovery is premature.  In the third amended complaint, plaintiff must allege facts explaining what took place on December 12, 2013.  Plaintiff's present allegations as to the harm she incurred and the defendants' use of force in the motel room are appropriately pled; plaintiff is not required to file documents or evidence[2] to support her claims and damages at this time.  Rather, plaintiff simply needs to supplement her current allegations with facts concerning the overall circumstances, specifically addressing the Graham factors set forth above.  McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").  Because plaintiff was present during the December 12, 2013 incident, and now has benefit of the police report, such facts should be readily available.  Once an operative pleading is on file, and defendants have filed an answer, the court will issue a discovery order.  Plaintiff's request for early discovery or an evidentiary hearing is denied.

Therefore, defendants' motion to dismiss this claim is granted, but plaintiff is granted leave to amend to more fully address the circumstances surrounding her allegations that defendants used excessive force in violation of the Fourth Amendment, including her claim that defendant Fears allegedly failed to protect her during this incident.

V.  Remaining Potential State Law Claims

In her second amended complaint, plaintiff recited the physical injuries she sustained on December 12, 2013, and then, in the same sentence, continued to recite the injuries she subsequently incurred:  "serious physical permanent injury, post-traumatic stress disorder, emotional distress, "false arrest, wrongful incarceration, defamation of character, humiliation of having to defense [her]self against malicious prosecution of trumped up criminal charges

---

[2]  Plaintiff's request for an evidentiary hearing is inappropriate because evidentiary hearings are used to present evidence or resolve disputes concerning evidence.

brought" against her."  (ECF No. 16 at 4.)  Plaintiff offered no other facts in support of state law

causes of action for false arrest and imprisonment, defamation, or malicious prosecution.  Thus, it

is unclear whether plaintiff sought to pursue such state law causes of action.  Also, plaintiff failed

to address these state law causes of action in her opposition to the motion, addressing only her

claim that defendants allegedly used excessive force.  (ECF No. 24, *passim*.)  But as argued by

defendants, plaintiff provided no specific factual allegations to support these potential state law

claims.  Accordingly, defendants' motion to dismiss is granted, and plaintiff is granted leave to

amend her pleading.  Plaintiff is not required to include such state law causes of action in her

third amended complaint.  But plaintiff is granted leave to include such causes of action, provided

she can allege facts demonstrating cognizable state law claims related to the December 12, 2013

incident.  Plaintiff must set forth such causes of action in separate paragraphs, and specifically

identify each individual allegedly responsible.  Plaintiff is advised of the following standards that

govern state law claims in this context.

A. <u>Tort Claim Requirement</u>

California's Tort Claims Act requires that a tort claim against a public entity or its

employees be presented to the California Victim Compensation and Government Claims Board

no more than six months after the cause of action accrues.  Cal. Gov't. Code §§ 905.2, 910, 911.2,

945.4, 950-950.2.  Presentation of a written claim and action on or rejection of the claim are

conditions precedent to suit, <u>Shirk v. Vista Unified Sch. Dist.</u>, 42 Cal.4th 201, 208-09, 64 Cal.

Rptr.3d 210 (Cal. 2007); <u>State v. Superior Court of Kings Cnty.</u>, 32 Cal.4th 1234, 1239, 13 Cal.

Rptr.3d 534 (Cal. 2004); <u>Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.</u>, 237 F.3d 1101,

1111 (9th Cir. 2001), and suit must be commenced not later than six months after the date the

rejection is deposited in the mail.  Cal. Gov't Code § 945.6(a) (1).  Where compliance with the

California Tort Claims Act is required, the plaintiff has the burden of pleading and proving

compliance with the California Tort Claims Act.  <u>Mangold v. California Pub. Utils. Comm'n.</u>, 67

F.3d 1470, 1477 (9th Cir. 1995).

If plaintiff chooses to include state law claims in her third amended complaint, she shall

attach a copy of any written claims filed pursuant to California's Tort Claims Act.

B. <u>False Arrest and False Imprisonment</u>

False imprisonment is the unlawful violation of the personal liberty of another.  Penal Code § 236.  The definition of the offense is the same whether alleged as a crime or a tort.  <u>Dillon v. Haskell</u>, 78 Cal.App.2d 814, 816 (Cal. App. 2 Dist.1947).  "Under California law, 'false arrest is not a different tort' but 'is merely one way of committing a false imprisonment.'"  <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 919 (9th Cir. 2001), citing <u>Martinez v. City of Los Angeles</u>, 141 F.3d 1373, 1379 (9th Cir. 1998) (citation and quotation omitted).

California law allows false imprisonment claims for arrests by peace officers in two situations:  when an arrest is made without a warrant, <u>see, e.g.</u>, <u>Jackson v. City of San Diego</u>, 121 Cal. App.3d 579, 175 Cal. Rptr. 395, 399 (1981), <u>overruled on other grounds by</u> <u>Asgari v. City of Los Angeles</u>, 15 Cal.4th 744, 63 Cal. Rptr.2d 842 n.10 (1997), and when an officer "maliciously arrests and imprisons another by personally serving an arrest warrant issued solely on information deliberately falsified by the arresting officer himself," <u>McKay v. County of San Diego</u>, 111 Cal. App.3d 251, 168 Cal. Rptr. 442, 443 (1980).

C. <u>Defamation</u>

"Defamation is an invasion of the interest in reputation."  <u>Smith v. Maldonado</u>, 72 Cal. App. 4th 637, 645 (1999).  Defamation can take the form of slander or libel.  Slander is an oral, unprivileged communication by radio or any mechanical or other means.  Cal. Civ. Code § 46.  Libel is a false and unprivileged publication by writing, printing, picture, effigy or other fixed representation to the eye.  Cal. Civ. Code § 45.  To prevail in a claim for defamation per se, the plaintiff must plead and prove that a defendant published a false statement to another person or persons, that those persons reasonably understood the statements to be about the plaintiff, that the statements were defamatory on their face (without the necessity of explanatory matter), and that the defendant failed to use reasonable care to determine the truth or falsity of the statement.  <u>See</u> Cal. Civ. Code, §§ 45, 45a; <u>see also</u> <u>Hecimovich v. Encinal Sch. Parent Teacher Org.</u>, 203 Cal. App. 4th 450, 471 (2012).

However, California law imposes a one-year statute of limitations on defamation claims. Cal. Code Civ. Proc. § 340(c); <u>See</u> <u>Seid v. Pac. Bell, Inc.</u>, 635 F.Supp. 906, 910-11 (S.D. Cal.

8

1   1985) (defamation claim time-barred where conduct occurred on or before October 13, 1983, and

2   complaint filed on October 23, 1984, over one year later).

3         D.   Malicious Prosecution

4               To establish a cause of action for the tort of malicious prosecution,
                plaintiff must show the prior action was commenced by or at the
5               defendant's direction and pursued to a termination in plaintiff's
                favor, it was brought without probable cause, and it was initiated
6               with malice. . . .   The element of "favorable termination" requires a
                termination reflecting the merits of the action and plaintiff's
7               innocence of the misconduct.     The theory underlying the
                requirement of favorable termination is that it tends to indicate the
8               innocence of the accused. . . .   Where a proceeding is terminated
                other than on the merits, the reasons underlying the termination
9               must be examined to see if the termination reflects the opinion of
                either the court or the prosecuting party that the action would not
10              succeed.  Thus plaintiff must establish more than that he prevailed
                in the underlying action.  He must prove a termination that reflects
11              on his innocence.  If the resolution of the underlying action leaves
                some doubt concerning plaintiff's innocence or liability, it is not a
12              favorable termination sufficient to allow a cause of action for
                malicious prosecution.
13

14   Pattiz v. Minye, 61 Cal. App. 4th 822, 826-27 (1998) (internal citations and quotations omitted).

15   VI.   Leave to Amend

16         Plaintiff is granted leave to file a third amended complaint.   The third amended complaint

17   must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff

18   is entitled to relief if plaintiff's allegations are true.   It must contain a request for particular relief.

19   Plaintiff must identify as a defendant only persons who personally participated in a substantial

20   way in depriving plaintiff of a federal constitutional right.   Johnson v. Duffy, 588 F.2d 740, 743

21   (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

22   act, participates in another's act or omits to perform an act he is legally required to do that causes

23   the alleged deprivation).

24         In the third amended complaint, the allegations must be set forth in numbered paragraphs.

25   Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

26   Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

27   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

28   ////

9

1   A district court must construe a pro se pleading "liberally" to determine if it states a claim

2   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

3   opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

4   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

5   action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678

6   (citing Bell Atl. Corp., 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter,

7   accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678

8   (quoting Bell Atl. Corp., 550 U.S. at 570).

9
10
11
12
13
> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

14   Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

15   can provide the framework of a complaint, they must be supported by factual allegations, and are

16   not entitled to the assumption of truth.  Id.

17   The third amended complaint must be complete in itself without reference to any prior

18   pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

19   files the third amended complaint, the prior pleading is superseded.

20   By signing a third amended complaint, plaintiff certifies she has made reasonable inquiry

21   and has evidentiary support for the allegations, and for violation of this rule the court may impose

22   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

23   VII.  Conclusion

24   Accordingly, IT IS HEREBY ORDERED that:

25   1.  Defendants' motion to dismiss (ECF No. 23) is granted.

26   2.  Plaintiff's second amended complaint (ECF No. 16) is dismissed, but with leave to file

27   a third amended complaint that asserts the claims and addresses the deficiencies identified in this

28   order.

10

1    3.  Plaintiff shall file any third amended complaint within 28 days of this order.  If

2  plaintiff elects to file a third amended complaint, it shall be captioned "Third Amended

3  Complaint."  Any amended complaint shall also attach a copy of any written claims filed pursuant

4  to California's Tort Claims Act, and may include a copy of the police report.

5    4.  Failure to file a third amended complaint in accordance with this order may result in a

6  recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

7  Dated:  October 22, 2015

8

9                               KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE
10

11  /hoff2736.mtd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28