UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LEE HOFFMANN, | No. 2:14-cv-2736 MCE KJN P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| JUSTIN JOURDAN, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On December 7, 2015, defendants filed a motion to dismiss plaintiff's third amended complaint. Fed. R. Civ. P. 12(b)(6). Defendants filed a reply, noting that no opposition had been filed with the court or served on defendants as of January 14, 2016. (ECF No. 30.) On January 19, 2016, plaintiff filed an opposition to the motion to dismiss. (ECF No. 31.) The opposition was signed by plaintiff on January 12, 2016.

Pursuant to Local Rule 230(l), oppositions are due no later than 21 days from the date the motion is served. Id. Defendants' motion was served on December 7, 2015; therefore, plaintiff's opposition was due on or before December 28, 2015. Thus, plaintiff's January 19, 2016 opposition was untimely.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to

1

the granting of the motion . . . ." Id.  On June 4, 2015, plaintiff was informed that all motions, including motions under Rule 12 of the Federal Rules of Civil Procedure, shall be briefed pursuant to Local Rule 230(l).  (ECF No. 19 at 3.)  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id.  These sanctions may include the imposition of monetary sanctions.  In the June 4, 2015 order, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

In her opposition, plaintiff makes no statement concerning the lateness of her filing.  Plaintiff did not seek an extension of time in which to file an opposition, and was not granted leave to file a late opposition.

Accordingly, IT IS HEREBY ORDERED that plaintiff show cause, within twenty-one days, why the court should not impose sanctions based on her late filing.

Dated:  January 21, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hoff2736.osc

2