UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN LEE HOFFMANN,

        Plaintiff,

    v.

JUSTIN JOURDAN, ET AL.,

        Defendants.

No.  2:14-cv-2736 MCE KJN P

ORDER AND FINDINGS AND
RECOMMENDATIONS

I.  Introduction

      Plaintiff, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.
Defendants move to dismiss plaintiff's third amended complaint on the grounds that plaintiff
added legally insufficient federal claims for unlawful detention and false imprisonment pursuant
to 42 U.S.C. § 1983, disregarded the court's orders, and included unpermitted additional state
claims and added parties.  As explained below, the court recommends that defendants' motion to
dismiss be granted in part.

II.  Background

      On January 28, 2015, plaintiff filed an amended complaint alleging that defendant Justin
Jourdan broke down plaintiff's motel door, and during her arrest, broke plaintiff's left eye orbit,
nose, jaw, and spine, and caused plaintiff to suffer a miscarriage.  (ECF No. 10 at 3.)  On March 4,
2015, the court found plaintiff's allegations stated a potentially cognizable Fourth Amendment

excessive force claim.  (ECF No. 12 at 2.)  The court also noted that plaintiff intended to learn the identities of two additional defendants through discovery.  (ECF No. 12 at 2 n.1.)[1]  Subsequently, plaintiff sought leave to file a second amended complaint.  Plaintiff repeated her allegations as to defendant Jourdan, added excessive force claims against defendants Hill and Basset, and alleged that defendant Fears failed to protect plaintiff.  In addition to such Fourth Amendment claims, plaintiff listed a series of potential state law causes of action within her statement concerning damages.  (ECF No. 16 at 4.)  Defendants Jourdan, Hill, Basset and Fears filed a motion to dismiss on the grounds that plaintiff failed to provide an adequate factual foundation for her alleged excessive force claim, and failed to provide factual support for her remaining causes of action.  On October 22, 2015, defendants' motion to dismiss was granted, but plaintiff was granted leave to file a third amended complaint to more fully address the circumstances surrounding her excessive force claims and her claim that defendant Fears allegedly failed to protect her during the incident.  Plaintiff was also granted leave to include her state law causes of action, "provided she can allege facts demonstrating cognizable state law claims related to the December 12, 2013 incident."  (ECF No. 27 at 7.)  Plaintiff was directed to attach a copy of any written claims she filed pursuant to California's Tort Claims Act.  (Id.)

Plaintiff filed an opposition to the motion on January 19, 2016, which the court deemed timely filed on February 16, 2016.  Defendants filed their reply on February 29, 2016.

On March 8, 2016, plaintiff filed a reply to defendants' reply.  On March 11, 2016, defendants filed an objection to plaintiff's surreply on the grounds that the Local Rules do not provide for such filing, and plaintiff was not granted leave of court to do so.

Defendants are correct that the Local Rules do not authorize the routine filing of a surreply.  Local Rule 230(l).  Nevertheless, when a party raises new arguments or presents new

---

[1]  Although the complaint listed the words, "Corning P.D." below defendant Jourdan's name in the caption of the pleading, plaintiff did not separately list the Corning Police Department as a defendant, and included no charging allegations as to the Corning Police Department.  (ECF No. 10.)  The court construed plaintiff's inclusion of the words, "Corning P.D." as a reference to where defendant Jourdan worked, not as an attempt to name the Corning P.D. as a defendant.  Despite the listing of the Corning P.D. as a defendant on the court's docket, there is no court order addressing or dismissing the Corning P.D. as a defendant.  (See, e.g., ECF No. 12.)

1   evidence in a reply to an opposition, the court may permit the other party to counter the new

2   arguments or evidence.  El Pollo Loco v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003).

3        In the present case, defendants raised new arguments in their reply brief, arguing that

4   plaintiff's opposition and attached documents raised serious doubts as to the evidentiary support

5   for plaintiff's allegations, provided a copy of the police report, and claimed that Rule 11 sanctions

6   may be warranted on summary judgment.  Such filing required a response by plaintiff.  Therefore,

7   defendants' request to disregard plaintiff's surreply is denied.

8   III.  Plaintiff's Third Amended Complaint

9        On November 24, 2015, plaintiff filed an unverified third amended civil rights complaint

10  alleging unlawful detention, excessive force, arrest without probable cause, and false

11  imprisonment, all under 42 U.S.C. § 1983, alleging seven new state law claims, and purportedly

12  adding three new defendants:  City of Corning; County of Tehama; and the Corning Super 8

13  Motel.  Specifically, plaintiff claims that on December 12, 2013, she went to the Corning Super 8

14  Motel to obtain a room.  The motel employee asked plaintiff for a credit card, which plaintiff

15  provided, and the employee went to the back and swiped the card.  (ECF No. 28 at 4.)  The

16  employee returned and told plaintiff there was something wrong with the card.  Plaintiff told the

17  employee that plaintiff was not feeling well because she was a few weeks pregnant, and would

18  pay for the room when she felt better.  The motel employee told plaintiff she could bring the

19  payment later since she was not feeling well, and gave plaintiff the motel room keys.  (ECF No.

20  28 at 5.)  Plaintiff states she did not take the keys by force or steal the keys.  Plaintiff claims that a

21  few hours after she went to her motel room, she heard loud banging on her door, and was

22  frightened and wondered who was trying to break down her door.  Because she was not feeling

23  well, she was unable to get to the door quickly.  When she reached the door, she put the chain on

24  because she feared for her safety, and peeked through to see who was banging on her door.  At

25  that moment, officers of the City of Corning broke down the motel room door, rushing at plaintiff

26  and knocking her to the ground.  (ECF No. 28 at 5.)  Plaintiff states that the officers did not

27  announce their intent or give plaintiff a chance to find out the basis for their visit.  Plaintiff claims

28  she did not pose any threat, possessed no weapons, and did not act aggressively toward the

3

1   officers.  She alleges that the officers punched her in the face as they pushed and wrestled her to

2   the ground.  Specifically, defendant Jourdan punched plaintiff four times in the face, and tasered

3   her to the ground.  Defendant Bassett jumped on plaintiff while she was on the ground.

4   Defendant Hill also participated in defendants' physical assault of plaintiff without any

5   justification.  (ECF No. 28 at 6.)  Plaintiff claims that defendant Fears stood at the door,

6   witnessing the assault, without intervening or restraining the other defendants.

7        In addition, plaintiff claims that the motel employee lied to the police, and that the

8   Corning Super 8 Motel contacted the police department and requested that plaintiff be removed

9   from the room without any justification.  Plaintiff claims she was a paying guest,[2] and "believes

10   that defendants Jourdan, Bassett, Hill, Fears and Corning Super 8 Motel conspired to evict

11   plaintiff from her room without any justification.  It is believed that all these defendants have a

12   special relationship where they use the color of authority to conspire, harass and intimidate

13   persons like the plaintiff."  (ECF No. 28 at 8.)  Further, plaintiff claims that she was unlawfully

14   arrested and removed from the motel room and taken to the emergency room because of the

15   injuries she sustained.  While there, plaintiff claims that defendant Jourdan "violently forced

16   plaintiff on the bed in the hospital."  (ECF No. 28 at 8.)

17        Plaintiff seeks compensatory, special and exemplary damages, as well as an order

18   directing defendants to set forth policies and procedures as may be necessary with respect to the

19   use of force and the use of a Taser.

20   IV.  Standards for a Rule 12(b)(6) Motion to Dismiss

21        A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

22   challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

23   Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

24   of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

25   plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

26

27   [2]  With her opposition, plaintiff provided a purported copy of her "ATM and debit card
subtractions," circling the entry "12/16/13 Checkcard 1212 Super 8 Corning Corning CA" with

28   the amount "-60.49" next to the entry.  (ECF No. 31 at 46.)

1   also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a

2   motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts

3   to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d

4   1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim

5   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

6   reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v.

7   Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at

8   1949).  The court accepts all of the facts alleged in the complaint as true and construes them in

9   the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).

10  The court is "not, however, required to accept as true conclusory allegations that are contradicted

11  by documents referred to in the complaint, and [the court does] not necessarily assume the truth

12  of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen,

13  559 F.3d at 1071 (citations and quotation marks omitted).

14          The court must construe a pro se pleading liberally to determine if it states a claim and,

15  prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity

16  to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

17  Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

18  Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

19  particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

20  & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when

21  evaluating them under the standard announced in Iqbal).

22          In ruling on a motion to dismiss filed pursuant to Rule 12(b), the court "may generally

23  consider only allegations contained in the pleadings, exhibits attached to the complaint, and

24  matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506

25  F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

26  V.  October 22, 2015 Order

27          As argued by defendants, the October 22, 2015 order did not contemplate the inclusion of

28  new claims or the joinder of new parties, and did not expressly grant plaintiff leave to add new

1    claims or join new parties.  Plaintiff amended her complaint once as a matter of right.  Fed. R.

2    Civ. P. 15(a).  Indeed, plaintiff has now filed three different pleadings.  (ECF Nos. 10, 16, 28.)

3    On January 28, 2015, plaintiff initially signaled her need to discover the identity of Doe

4    defendants, identified as "2 others named in discovery" (ECF No. 10), and subsequently amended

5    her pleading to name the other officers personally involved in the December 12, 2013 incident

6    (ECF No. 16).  All of her prior pleadings alleged Fourth Amendment and state law claims against

7    only law enforcement officers.  None of her prior pleadings named the city, county, or the motel

8    as defendants, and none of her prior pleadings included allegations concerning an alleged

9    conspiracy between the motel employees, and police officers and the city or county.

10        Because plaintiff previously amended her complaint, she was required to seek leave of

11   court to add new claims or join a new party.  Fed. R. Civ. P. 15(a).  In addition, plaintiff did not

12   file a proper motion to amend, did not address Rule 20 of the Federal Rules of Civil Procedure,

13   did not explain the reasons for her delay, and did not address defendants' arguments concerning

14   her improper amendments, other than to state she did not believe the order prohibited her from

15   doing so.  Therefore, as further explained below, defendants' motion to dismiss the new parties

16   and new claims should be granted, with the exception of her state law claims for alleged assault

17   and battery against defendants Jourdan, Hill, and Bassett, and her new Fourth Amendment claims

18   against defendants Jourdan, Hill, Bassett and Fears.

19   VI.  New State Law Claims

20        Plaintiff alleges seven new state law causes of action against various defendants.  Plaintiff

21   asserts causes of action for assault and battery,[3] and the intentional infliction of emotional

22

23   ─────────────────
     [3]  Under California law, a police officer "may use reasonable force to make an arrest, prevent
24   escape or overcome resistance. . . ."  C.B. v. Sonora Sch. Dist., 691 F.Supp.2d 1170, 1187 (E.D.
     Cal. 2010) (citation omitted).  A plaintiff alleging assault or battery claims against a police officer
25   must plead and prove that the officers used unreasonable force in making a lawful arrest or
     detention, and that the unreasonable use of force caused the plaintiff injury.  See Arpin v. Santa
26   Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001); Saman v. Robbins, 173 F.3d
     1150, 1156-57, n.6 (9th Cir. 1999); Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1273
27   (1998); Knapps v. City of Oakland, 647 F.Supp.2d 1129, 1167 (N.D. Cal. 2009); Garcia v. City
     of Merced, 637 F.Supp.2d 731, 748 (E.D. Cal. Jan. 10, 2008).

28

distress[4] as to defendants Jourdan, Hill, Bassett, and Fears.  (ECF No. 28 at 13-18.)  Plaintiff asserts that each defendant was negligent.[5]  (ECF No. 28 at 16-18.)  Plaintiff claims that newly-named defendants City of Corning, County of Tehama, and Corning Super 8 Motel, and their employees and agents, failed to supervise and discipline, failed to properly train their employees and agents, and violated the provisions of California Civil Code Section 52.1.[6]  (ECF No. 28 at 18-21.)  Finally, plaintiff alleges compliance with Government Code Section 800.  (ECF No. 28 at 4.)

////

---

[4]  The elements of an intentional infliction of emotional distress claim are:  (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional distress.  Nally v. Grace Community Church of the Valley, 47 Cal. 3d 278, 300 (1988).  The "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982) (citation omitted).

[5]  The elements of a negligence cause of action under California law are:  "(1) a legal duty to use due care; (2) a breach of such legal duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Megaree v. Wittman, 550 F.Supp.2d 1190, 1209 (E.D. Cal. 2008) (citation omitted)); Hanson v. Grode, 76 Cal. App. 4th 601, 606 (1999).  It is a "long-established principle of California negligence law that the reasonableness of a peace officer's conduct must be determined in light of the totality of the circumstances." Hayes v. County of San Diego, 57 Cal.4th 622, 632 (2013).  "As long as an officer's conduct falls within the range of conduct that is reasonable under the circumstances, there is no requirement that he or she choose the 'most reasonable' action or the conduct that is the least likely to cause harm and at the same time the most likely to result in the successful apprehension of a violent suspect, in order to avoid liability for negligence." Hayes, 57 Cal.4th at 632.

[6]  Section 52.1 ("the Bane Act") establishes a private right of action for an "individual whose exercise of enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California], has been interfered with by "threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a).; Austin B. v. Escondido Union School District, 149 Cal. App. 4th 860, 881 (2007).  The act requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998).  To state a claim under the Bane Act, plaintiff must establish:  (1) defendants interfered with plaintiff's constitutional or statutory rights; and (2) that interference was accompanied by actual or attempted threats, intimidation, or coercion.  See Venegas v. County of Los Angeles, 32 Cal 4th 820, 842-43 (2004).

Plaintiff did not append a tort claim to her pleading, as required by the October 22, 2015 order. However, plaintiff alleges her failure to do so was the result of excusable neglect, provides copies of her tort claims with her opposition, and asks the court to take judicial notice of her tort claims. (ECF No. 31 at 8, 15-24.) The Court may judicially notice "adjudicative facts" that are "not subject to reasonable dispute." Fed. R. Evid. 201(a),(b). Furthermore, public records are appropriate matters for judicial notice. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Thus, the undersigned takes judicial notice of plaintiff's tort claims.[7] The court does not judicially notice the facts within the tort claims for their truth, but rather for what facts were alleged, for comparison to plaintiff's third amended complaint.

In her tort claim filed with the City of Corning, plaintiff alleged that Corning police officers assaulted and battered her, resulting in facial injuries, eye injury, taser injury, jaw, broken nose, and other injuries to be determined. (ECF No. 31 at 15.) In her tort claim submitted to the County of Tehama, plaintiff claimed that she was beaten by law enforcement officers from the Tehama County Sheriff's Office, without any cause or justification. (ECF No. 31 at 16.) The City of Corning rejected plaintiff's claim on May 25, 2014. (ECF No. 31 at 22.) The County of Tehama rejected plaintiff's claim on April 29, 2014. (ECF No. 31 at 23.)

A plaintiff cannot file a lawsuit under California state law for money or damages against a public entity without first presenting a tort claim pursuant to Government Code Section 945.4. Section 910 of the Government Code governs the specific requirements for a tort claim: the claim must include a general description of the injuries and the names of the public employees who caused them, if known. Cal. Gov't Code § 910. Furthermore, the facts set forth in the written claim must correspond with facts alleged in any complaint. Nelson v. State of Cal., 139 Cal. App. 3d 72, 79 (1982). "If a plaintiff relies on more than one theory of recovery, each cause of action must have been reflected in a timely [tort] claim." Id.

The purpose of the Tort Claims Act is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense

_____

[7] These tort claims were filed by an attorney, not by plaintiff proceeding pro se. (ECF No. 31 at 15-18.)

1   of litigation." City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (1974).  Consequently, "a

2   claim need not contain the detail and specificity required of a pleading, but need only 'fairly

3   describe what [the] entity is alleged to have done.'"  Stockett v. Ass'n of Cal. Water Agencies

4   Joint Powers Ins. Auth., 34 Cal. 4th 441, 446 (2004) (quoting Shoemaker v. Myers, 2 Cal. App.

5   4th 1407, 1426 (1992)).

6        Moreover, under the Tort Claims Act,

7        any suit brought against a public entity on a cause of action for
         which a claim is required to be presented [to the Claims Board] . . .
8        must be commenced:

9        (1) If written notice is given [of the claim rejection], not later than
         six months after the date such notice is personally delivered or
10       deposited in the mail."

11  Cal. Gov't Code §§ 945.6(a), 950.6(b).  The statute of limitations for commencing a government

12  tort claim action is not tolled by virtue of a plaintiff's imprisonment.  Code Civ. Proc., § 352.1,

13  subd. (b).  Claims which must be presented include "all claims for money or damages against

14  local public entities."  Cal. Gov't Code § 905.

15       Therefore, after reviewing plaintiff's tort claims and comparing them to the allegations in

16  her third amended complaint, the court alternatively recommends dismissing the newly pled state

17  law causes of action, except for the assault and battery claims against defendants Jourdan, Hill,

18  and Bassett, as set forth below.

19                    1.  Police Officers Jourdan, Hill, Bassett and Fears

20       The government tort claims submitted by plaintiff were on standard forms created and

21  provided by the City and County.  In response to each form's question, "what action or inaction

22  caused your injury," plaintiff responded "she was assaulted and battered without justification by

23  police officers," or law enforcement officers.  Thus, plaintiff "fairly described" what the officers

24  are alleged to have done in connection with the alleged use of excessive force.  Stockett, 34

25  Cal.4th at 446.  The claim submitted by plaintiff adequately notifies the agency of the basic

26  factual allegations as to the police officers presented in the operative pleading.  Defendants

27  should have been able to effectively investigate the incident and reasonably expected possible

28  state law claims for assault and battery against defendants Jourdan, Hill, and Bassett.

1       Moreover, fairly read, plaintiff's state law claims for assault and battery against

2 defendants Jourdan, Hill, and Bassett were appropriately included in the third amended complaint

3 pursuant to the October 22, 2015 order.  In her prior pleading, plaintiff set forth a laundry list of

4 state law claims within her request for damages.  Although the court advised her that she was "not

5 required to include such state law causes of action in her third amended complaint," she was

6 "granted leave to include such causes of action, provided she can allege facts demonstrating

7 cognizable state law claims related to the December 12, 2013 incident."  (ECF No. 27 at 7.)  The

8 court instructed her as to the requirements for filing claims for false arrest/false imprisonment,

9 defamation, and malicious prosecution.  However, the court also instructed plaintiff on the

10 requirements of California's Tort Claim Act.  (Id.)  Defendants read the court's order narrowly to

11 confine plaintiff's state law claims to those three claims specifically discussed in the order.  But

12 read broadly, plaintiff was granted leave to allege state law claims for which she had timely

13 submitted a state tort claim.  Moreover, because plaintiff's state law claims for assault and battery

14 against defendants Jourdan, Hill, and Bassett arise out of the same facts and injuries that are

15 alleged in her original pleading, filed within six months from the rejection of plaintiff's tort claim,

16 the court recommends denial of the motion to dismiss the new state law claims for assault and

17 battery as improperly amended into the pleading.

18       However, as to defendant Fears, plaintiff alleged no specific facts connecting defendant

19 Fears with the alleged assault or battery.  Rather, plaintiff claims defendant Fears stood by and

20 failed to intervene or prevent the other officers from striking her.  Such allegations, without more,

21 are insufficient to state a claim for assault or battery.  See Knapps, 657 F.Supp.2d at 1167 ("in the

22 context of an excessive force claim against peace officers, the plaintiff must show that the officers

23 directed or encouraged the use of excessive force.").  Therefore, the court recommends dismissal

24 of plaintiff's new state law claims for assault and battery against defendant Fears.  Plaintiff states

25 potentially cognizable state law claims for assault and battery against defendants Jourdan, Hill

26 and Bassett.

27       Finally, plaintiff also included new state law claims alleging negligence and the

28 intentional infliction of emotional distress as to defendants Jourdan, Hill, Bassett, and Fears.

1   However, plaintiff's tort claim did not include such claims or allege facts supporting such claims.

2   Such allegations would require analysis of a different set of facts than those alleged in the tort

3   claims; that is, whether the police officers assaulted or battered (or used unreasonable force) on

4   December 12, 2013.  Thus, the motion to dismiss plaintiff's new state law claims for negligence

5   and the intentional infliction of emotional distress against these officer defendants should be

6   granted.

7                          2.  <u>Newly-named Defendant City of Corning</u>

8          Plaintiff seeks to add new state law claims against a new party, City of Corning.

9   However, such claims are based on allegations not adequately included in her tort claim filed with

10  the City of Corning, and therefore such claims should also be dismissed.  Plaintiff does not name

11  the City of Corning, or any government agency in the tort claim.  Rather, plaintiff identifies only

12  police officers.  Also, plaintiff did not fairly describe in her tort claim what the city did or did not

13  do to put the city on notice of such claims.  Indeed, plaintiff does not allege that government

14  officials failed to train, discipline, or supervise the officers, and there are no allegations as to a

15  conspiracy among the three new defendants and the police officers.  Such allegations would

16  require analysis of a different set of facts than those alleged in the tort claims; that is, whether the

17  police officers assaulted or battered (or used unreasonable force) on December 12, 2013.

18  Because plaintiff did not include any factual allegations implicating the city in her tort claim, the

19  motion to dismiss plaintiff's state law claims against the City of Corning should be granted.

20         Moreover, even if the court broadly construed the tort claim filed with the City of Corning

21  to include the new state law claims alleging failure to train or supervise, or to give notice of such

22  claims, plaintiff did not file suit against the city within six months from the May 25, 2014

23  rejection.  Plaintiff's November 14, 2015 third amended complaint was filed almost a year after

24  the rejection period expired on November 25, 2014.  Although the statute of limitations period is

25  stayed during the pendency of criminal charges, Cal. Gov't Code § 945.3, section 945.3 does not

26  "prohibit the filing of a claim with the board of a public entity, and . . . [does] not extend the time

27  within which a claim is required to be presented pursuant to Section 911.2."  Cal. Gov't Code

28  § 945.3.  Because plaintiff did not timely present a tort claim as to the City of Corning, or timely

11

1    file suit thereon, allowing her to amend to include state law claims as to the city would be futile.

2           For all of these reasons, defendants' motion to dismiss plaintiff's state law claims against

3    the City of Corning should be granted without leave to amend.

4                        3. Newly-named Defendant County of Tehama

5           Similarly, plaintiff's newly-raised state law claims against new party County of Tehama

6    may not proceed because plaintiff failed to include the new allegations in the tort claim filed with

7    the county.  But even assuming, *arguendo*, that the filing of the tort claim put the county on

8    notice of plaintiff's state law claim that the county failed to train or supervise its law enforcement

9    officers, she failed to file suit against the county within six months from the April 29, 2014

10   rejection of her tort claim.  Rather, plaintiff's third amended complaint was filed on November

11   14, 2015, over a year after the October 29, 2014 deadline expired.  Indeed, the instant action was

12   filed on November 20, 2014, almost a year after the six month period expired.  Because plaintiff

13   did not timely file her tort claim with the county, or timely commence suit against the county, any

14   amendment to include state law claims against the county would be futile.  Thus, defendants'

15   motion to dismiss plaintiff's new state law claims against the county should also be granted.

16                        4. Newly-named Defendant Corning Super 8 Motel

17          In pleading each new state law claim against new party Corning Super 8 Motel ("the

18   motel"), plaintiff asserts that the "motel clerk gave the police false information."  (ECF No. 28 at

19   17, 19, 20.)  As a threshold matter, the motel is a private actor, and there are no allegations that

20   the motel's employees were acting under color of state law.  Because the motel is not a

21   government agency, plaintiff was not required to file a tort claim before pleading related state law

22   claims arising from the December 12, 2013 incident.

23          However, as argued by defendants, the October 22, 2015 order did not contemplate the

24   joinder of new parties, and did not expressly grant plaintiff leave to join new parties.  Plaintiff has

25   now filed three different amended pleadings.  (ECF Nos. 10, 16, 28.)  On January 28, 2015,

26   plaintiff initially signaled her need to discover the identity of Doe defendants, identified as "2

27   others named in discovery" (ECF No. 10), and subsequently amended her pleading to name the

28   other officers personally involved in the December 12, 2013 incident (ECF No. 16).  But all of

her prior pleadings alleged Fourth Amendment and state law claims against only law enforcement officers.  None of her prior pleadings named the motel, and none included allegations concerning an alleged conspiracy between motel employees and police officers.[8]  Because plaintiff previously amended her complaint, she was required to seek leave of court to join a new party. Fed. R. Civ. P. 15(a).  Because plaintiff was not granted leave to join a new party, defendants' motion to dismiss the state law claims against the Corning Super 8 Motel should be granted.

VII.   New Fourth Amendment Claims Under 42 U.S.C. § 1983

In addition to the previously-raised Fourth Amendment claim asserting that excessive force was used on December 12, 2013, plaintiff now raises federal claims of unlawful detention, arrest without probable cause, and false imprisonment against defendants Jourdan, Hill, Bassett, and Fears.  Liberally construed, plaintiff argues that her detention and arrest were made without reasonable suspicion or probable cause.

Although the court's prior order did not contemplate the addition of new claims, plaintiff did raise state law claims of false arrest and false imprisonment in her prior pleading.  Thus, the officer defendants were earlier put on notice of such claims and are not prejudiced by the delay in their inclusion in this pleading.  Moreover, plaintiff's new allegation that the officer defendants unlawfully detained her, although not included in her prior pleadings, are intertwined with her challenge to the officers' actions on December 12, 2013.  Indeed, her federal allegations assert claims for unreasonable seizure under the Fourth Amendment.  Accordingly, the court finds good cause to permit plaintiff to include such new federal claims in her third amended complaint.

The court turns now to defendants' motion to dismiss plaintiff's false imprisonment cause of action as redundant, and to dismiss her unlawful detention claim for failure to state a cognizable civil rights claim.

The Fourth Amendment prohibits "'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons."  United States v. Arvizu, 534 U.S. 266, 273 (2002) (citing Terry v. Ohio, 392 U.S. 1, 9 (1968)), overruled in part

---

[8]  In addition, plaintiff's sole allegation that the motel clerk "lied to police" is insufficient to support a conspiracy claim.

13

1    on other ground by Davis v. Washington, 547 U.S. 813 (2006)); see also Ramirez v. City of

2    Buena Park, 560 F.3d 1012, 1020 (9th Cir. 2009).  A detention by an officer that is not "supported

3    by reasonable suspicion to believe that criminal activity may be afoot" violates the Fourth

4    Amendment and gives rise to a claim under 42 U.S.C. § 1983.  Id. (citation and internal

5    quotations omitted); see also Ramirez, 560 F.3d at 1020.  An arrest without probable cause also

6    violates the Fourth Amendment and gives rise to a claim for damages under section 1983.

7    Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988).

8         Probable cause to arrest exists "when the facts and circumstances within the officer's

9    knowledge are sufficient to warrant a prudent person to believe that the suspect has committed ...

10   an offense."  Crowe v. County of San Diego, 608 F.3d 406, 432 (9th Cir. 2010).  To detain a

11   person for investigation requires only that the officer has a reasonable suspicion that criminal

12   activity is afoot.  Gallegos v. City of Los Angeles, 308 F.3d 987, 990 (9th Cir. 2002).  Because

13   the standard for making a detention is less than probable cause, if the officer has probable cause

14   to arrest, he also has a reasonable suspicion to detain a person.  Id.

15        A.   Unlawful Detention

16        In her first cause of action, plaintiff alleges that she had a Fourth Amendment right to be

17   free from unreasonable seizure, and alleges that the motel clerk gave defendants false

18   information, which they failed to properly investigate, and failed to use due care when they

19   falsely detained plaintiff.  (ECF No. 28 at 9.)  Plaintiff claims she did not commit any crime when

20   the officer defendants entered her motel room and falsely arrested her, and alleges there was no

21   legal basis to arrest her.  (Id.)

22        Defendants argue, inter alia, that plaintiff fails to allege sufficient facts to demonstrate

23   that an initial detention occurred.  Rather, defendants contend that plaintiff alleges only that the

24   officers entered her room and arrested her, which is insufficient to support her claim of unlawful

25   detention.  Further, defendants argue that plaintiff should not be granted leave to amend because

26   she has had four prior opportunities to amend.

27        Plaintiff counters that her factual allegations demonstrate that her detention was not brief

28   or based on an observation of reasonable suspicion; rather, plaintiff argues that someone was

14

1   banging on her door, and when she went to the door to investigate, the officers broke down her

2   motel room door, beat her up, inflicting injuries, and put her in handcuffs, without probable

3   cause.  Plaintiff claims she was arrested at the motel and taken to the hospital, where she

4   remained handcuffed and read her <u>Miranda</u> rights.  She argues that the officers did not detain her

5   to investigate a crime, but rather determined she committed a crime and placed her under arrest.

6        In reply, defendants provided a copy of the police report that includes a "Certificate of

7   Release," stating that "the taking into custody of [plaintiff] on December 12, 2013, by the

8   Corning Police Department was a detention only, not an arrest."[9]  (ECF No. 35-1 at 14.)

9   Defendants argue that the operative pleading is misleading because it combines plaintiff's

10   extraction from the motel room by Corning Police Officers and the subsequent emergency room

11   altercation, from which she was not arrested but was only detained by the Corning officers, with

12   the arrest by Tehama County officers over a year later, and criminally prosecuted for her actions

13   on December 12, 2013, at the motel.

14        Under California law, a temporary detention is "strictly limited in duration, scope and

15   purpose" and which "may be undertaken by police 'if there is an articulable suspicion that a

16   person has committed or is about to commit a crime.'"  <u>Wilson v. Superior Court</u>, 34 Cal. 3d 777,

17   784 (1983), quoting <u>Florida v. Royer</u>, 460 U.S. 491, 498 (1983)).  However, "courts have long

18   recognized that an investigative detention may, at some point, become so overly intrusive that it

19   can no longer be characterized as a minimal intrusion designed to conform quickly or dispel the

20   suspicions which justified the initial stop."  <u>U.S. v. Sharpe</u>, 470 U.S. 675, 683-86 (1985)).

21   "When the detention exceeds the boundaries of a permissible investigative stop, the detention

22   becomes a de facto arrest requiring probable cause."  <u>Dunaway v. New York</u>, 442 U.S. 200, 212,

23   (1979)).

24        The court finds that plaintiff's pleading alleges sufficient facts to support a claim for

25   unlawful detention.  Liberally construed, plaintiff contends that defendants had no reasonable

26

27   _____

[9]  Defendants submitted the police report for information purposes only.  The court does not
consider the facts within the report form for their truth, but rather for what facts defendants

28   allege.

1    suspicion to detain her in the first place.  Although plaintiff claims she was arrested without

2    probable cause, she also alleges she was falsely detained.  Plaintiff alleges she had reached a

3    verbal agreement with the motel clerk that she would pay for the room later.  While she was

4    lawfully in her motel room, she heard banging at her door.  She alleges that the officer defendants

5    broke down the door, without announcing their intent.  (ECF No. 28 at 5.)  Her allegations

6    demonstrate she was taken into custody and transported to the emergency room.  Liberally

7    construed, if she was not arrested, she was detained at her motel room as well as throughout a

8    portion of her medical treatment at the hospital.

9         Although the police report provided by defendants contains factual allegations that differ

10   from plaintiff's allegations, the court is unable to consider such statements at this stage of the

11   proceedings.  In other words, while defendants may demonstrate at summary judgment that

12   reasonable suspicion existed to warrant the detention, notwithstanding plaintiff's claims of

13   innocence, the third amended complaint contains no facts on which the court can make such

14   finding on a motion to dismiss.

15        The court finds that plaintiff has stated a potentially cognizable unlawful detention claim.

16   Defendants' motion to dismiss this claim should be denied.

17        B.  <u>False Arrest/False Imprisonment</u>

18        Plaintiff's third and fourth causes of action are pled as federal claims against officers

19   Jourdan, Hill, Bassett, and Fears for arrest without probable cause and false imprisonment under

20   42 U.S.C. § 1983.  (ECF No. 28 at 11-12.)  Defendants do not argue that plaintiff failed to allege

21   sufficient facts to support her cause of action that she was arrested without probable cause.

22   Rather, defendants contend that plaintiff's false imprisonment claim is subsumed within her false

23   arrest claim and therefore her fourth cause of action should be dismissed.  Plaintiff maintains that

24   her false imprisonment claim is properly alleged.

25        Under California law, false arrest is not a separate tort, but a subcategory of false

26   imprisonment.  <u>Watts v. Cty. of Sacramento</u>, 256 F.3d 886, 891 (9th Cir. 2001) (citing to <u>Asgari</u>

27   <u>v. City of Los Angeles</u>, 15 Cal. 4th 744, 753 n.3, <u>as modified on denial of reh'g</u> (Mar. 17, 1997)).

28   "[F]alse arrest is but one way of committing false imprisonment."  <u>Collins v. San Francisco</u>, 50

16

1  Cal. App. 3d 671, 673, 123 Cal. Rptr. 525 (1975) (false arrest and false imprisonment "are

2  distinguishable only in terminology.").  To prevail on a claim for false imprisonment, the plaintiff

3  must establish "nonconsensual, intentional confinement of a person, without lawful privilege, for

4  an appreciable length of time, however short."  Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994)

5  (internal citations omitted).  An officer is not liable for false arrest "if the arrest was lawful, or the

6  peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful."

7  O'Toole v. Superior Court, 140 Cal. App. 4th 488, 511 (2006) (internal quotations omitted).

8        "Under California law, a police officer is granted statutory immunity from liability for

9  malicious prosecution, but not for false arrest and imprisonment."  Asgari, 15 Cal. 4th at 752.  A

10  "[p]olice officer who makes an arrest without a warrant and without justification may be held

11  civilly liable for false arrest and imprisonment."  Dragna v. White, 45 Cal. 2d 469, 471 (1955).

12  Where an officer has probable cause to arrest, he is not liable for false arrest.  See Blankenhorn v.

13  City of Orange, 485 F.3d 463, 487 (9th Cir. 2007).  A party bringing a Section 1983 claim for

14  false imprisonment must establish a deprivation of the right to be free from unlawful arrest and an

15  action by the defendant under color of state law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150

16  (1970).

17        The court finds that defendants are correct that plaintiff's arrest without probable cause

18  and false imprisonment claims are one tort.  Indeed, plaintiff was previously informed that

19  "[u]nder California law, false arrest is not a different tort but is merely one way of committing a

20  false imprisonment."  (ECF No. 27 at 8.)  However, plaintiff's allegations that she was arrested

21  without probable cause and falsely imprisoned are raised in both her third and fourth causes of

22  action, and, read together, state a potentially cognizable claim for relief for false arrest/false

23  imprisonment pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  Although articulated as

24  two causes of action, the undersigned declines to dismiss her fourth cause of action, but rather

25  requires the parties to consider her third and fourth causes of action together as one claim for false

26  arrest/false imprisonment, and defendants shall answer such causes of action together inasmuch

27  as plaintiff's false imprisonment claim includes arrest without probable cause as an element.

28  ////

1  VIII.  Alleged Excessive Force/Failure to Protect Claims

2  Defendants do not seek dismissal of these claims.  The court finds that the pleading states

3  potentially cognizable Fourth Amendment claims for relief pursuant to 42 U.S.C. § 1983 and 28

4  U.S.C. § 1915A(b).  If the allegations of the pleading are proven, plaintiff has a reasonable

5  opportunity to prevail on the merits of her Fourth Amendment claims against defendants Jourdan,

6  Hill, and Bassett for excessive force, and against defendant Fears for his alleged failure to protect.

7  IX.  Leave to Amend

8  Courts have broader discretion in denying motions for leave to amend after leave to

9  amend has already been granted.  Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002)

10  (citing Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 879 (9th Cir. 1999)).  In Chodos, the Ninth

11  Circuit affirmed the district court's denial of leave to amend when the party knew of the factual

12  basis for the amendment prior to a previous amendment.  Id.  Further, a party that contends it

13  learned "new" facts to support a claim should not assert a claim that it could have pled in

14  previous pleadings.  Edwards Lifesciences LLC v. Cook Inc., 2008 WL 913328, at *3 (N.D. Cal.

15  Apr. 2, 2008) (citing Chodos, 292 F.3d at 1003).

16  The undersigned has carefully considered whether plaintiff should be permitted yet

17  another opportunity to amend her claims to join new parties or add new state law claims, asserted

18  for the first time in her third amended complaint.  Plaintiff argues that such claims are valid, and

19  defendants would not be prejudiced because no discovery has yet been conducted, and contends

20  she is not aware of a court order preventing her from naming new parties or adding new claims.

21  Defendants counter that plaintiff did not substantively address the improper amendments, and

22  provide a copy of the police report from the December 12, 2013 incident.  Defendants argue that

23  the police report offers a sharp contrast to the facts alleged by plaintiff, and contend that the

24  certificate of release appended to the police report confirms that plaintiff was detained but not

25  arrested on December 12, 2013.  Defendants state that the documents provided with plaintiff's

26  opposition confirm that plaintiff was arrested by the Tehama County Sheriff's Office on

27  December 24, 2014, based on charges resulting from the December 12, 2013 incident, but that the

28  charges were later dismissed based on plaintiff's mental state.  (ECF No. 35 at 3.)  Defendants

18

1    contend that plaintiff's third amended complaint is misleading because she makes it appear that

2    she was arrested by Corning Police Officers on December 12, 2013.  Defendants point out that

3    the documents provided by plaintiff with her opposition demonstrate that an arrest warrant was

4    later issued to the Tehama County Sheriff's Department who took her into custody on December

5    24, 2014.  (ECF No. 31 at 25.)  Defendants contend that her factual contentions lack evidentiary

6    support, supporting their contention that plaintiff is acting in bad faith.

7            Federal Rule of Civil Procedure 15(a) provides that a court should generally give leave to

8    amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Five factors are frequently used to

9    assess whether leave to amend should be granted:  (1) bad faith; (2) undue delay; (3) prejudice to

10   the opposing party; (4) futility of the amendment; and (5) whether plaintiff has previously

11   amended her complaint.  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Allen v. City

12   of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).  "The district court's discretion to deny leave

13   to amend is particularly broad where plaintiff has previously amended the complaint."  Allen, 911

14   F.2d at 373.  Furthermore, futility alone can justify denying further leave to amend.  Johnson, 356

15   F.3d at 1077.

16           Here, because plaintiff has had multiple opportunities to amend her pleading, significant

17   delay has occurred.  Over two and a half years have elapsed since the December 12, 2013 incident

18   that forms the basis for plaintiff's claims, and this case has been pending over a year and a half.

19   Moreover, plaintiff did not file the third amended complaint until November 24, 2015, over a year

20   after this case was filed.

21           In addition, the record reflects that plaintiff consistently pursued her claims as assault and

22   battery or excessive force claims against law enforcement officers.  The tort claims filed with the

23   City and County alleging only assault and battery were filed by an attorney; therefore, any failure

24   to train or supervise claims should have been known at that time.  Delays as short as six to eight

25   months have been found to support denying leave to amend.  See AmerisourceBergen Corp. v.

26   Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) (recognizing that the Ninth Circuit has "held

27   that an eight month delay between the time of obtaining a relevant fact and seeking a leave to

28   amend is unreasonable").

Although no discovery order has been filed, the issuance of a discovery order was delayed by attempts to get an operative pleading on file.  Defendants have been prejudiced in having to defend a stale case which has yet to proceed beyond the pleadings stage.  It would be unfairly prejudicial to expand the scope of these claims over a year and a half into the case to include a new party wholly unaware of the potential claims.  The officer defendants would be prejudiced by further delay resulting from accomplishing service of process over a new party.  In addition, after successfully filing their first motion to dismiss, such defendants relied on the court's October 22, 2015 order that limited plaintiff's third amended pleading.  Finally, it would be futile for plaintiff to pursue new state law claims against the City of Corning or the County of Tehama because plaintiff failed to timely file suit following the rejection of her tort claims against them.  The court declines to find that plaintiff is acting in bad faith, but finds that defendants would be unduly prejudiced by allowing plaintiff to amend again.

For all of these reasons, the undersigned declines to recommend that plaintiff be granted leave to further amend.

XI.  <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' request to disregard plaintiff's surreply (ECF No. 37) is denied;

2.  Plaintiff's request that the court take judicial notice of her tort claims is granted, and the court takes judicial notice of plaintiff's tort claims (ECF No. 31 at 8, 15-24); and

3.  Plaintiff states potentially cognizable Fourth Amendment claims against defendants Jourdan, Hill, and Bassett, for excessive force, and against defendant Fears for failure to protect; Fourth Amendment claims for unlawful detention, and false arrest/false imprisonment against defendants Jourdan, Hill, Bassett, and Fears; and state law claims for assault and battery as to defendants Jourdan, Hill, and Bassett.

IT IS RECOMMENDED that:

1.  Defendants' motion to dismiss (ECF No. 29) be granted in part and denied in part, as follows:

////

A.  Defendants' motion to dismiss plaintiff's state law claims for assault and battery as improperly amended into the pleading be denied;

B.  Plaintiff's state law claims against defendants City of Corning and the County of Tehama be dismissed;

C.  Plaintiff's state law claims against the Corning Super 8 Motel be dismissed without prejudice;

D.  Plaintiff's state law claims for negligence and the intentional infliction of emotional distress against defendants Jourdan, Hill, Bassett, and Fears be dismissed;

E.  Defendants' motion to dismiss plaintiff's Fourth Amendment claims for unlawful detention and fourth cause of action for false imprisonment be denied;

2.  Plaintiff's state law claims for assault and battery against defendant Fears be dismissed for failure to state a claim;

3.  Within twenty-one days from any order adopting these findings and recommendations, Defendants Jourdan, Hill, Bassett, and Fears be directed to file an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 19, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hoff2736.mtd2

21