UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROBIN LEE HOFFMAN, | No. 2:14-cv-2736 MCE KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER SETTING STATUS CONFERENCE |
| JUSTIN JOURDAN, et al., | |
| Defendants. | |

Defendants Jourdan, Hill, Bassett, and Fears have answered the third amended complaint. Defendants also move to change the motion briefing schedule from Local Rule 230(l) to Local Rule 230, because it appears plaintiff is no longer in custody. Indeed, plaintiff filed a notice of her unavailability from December 9, 2016, through January 17, 2017, because she will be out of the country. (ECF No. 40.) Plaintiff also filed a motion to amend, which was not noticed for hearing.

Good cause appearing, defendants' request to change the motion briefing schedule is granted. Plaintiff's motion to amend is denied without prejudice to its renewal upon proper noticing. Pursuant to Federal Rule of Civil Procedure 16, and Local Rule 240, the court sets this matter for status conference, taking into account plaintiff's unavailability, as set forth below.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion (ECF No. 41) is granted;

1

2. All motions shall be noticed for hearing pursuant to Local Rule 230;

3. Plaintiff's motion to amend (ECF No. 45) is dismissed without prejudice to proper re-notice under Local Rule 230;

4. On or before December 1, 2016, the parties shall meet and confer about the mandatory disclosures required by Fed. R. Civ. P. 26.

5. A Status (Pretrial Scheduling) Conference is set for February 2, 2017, at 10:00 a.m., in Courtroom No. 25 before the undersigned.  All parties shall appear by counsel or in person if acting without counsel.

6. Not later than seven days prior to the Status Conference, the parties shall file status reports[1] briefly describing the case and addressing the following:

   a. Service of process;

   b. Possible joinder of additional parties;

   c. any expected or desired amendment of the pleadings;

   d. Jurisdiction and venue;

   e. Anticipated motions and their scheduling;

   f. The report required by Fed. R. Civ. P. 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

   g. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

   h. Special procedures, if any;

   i. Estimated trial time;

   j. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings;

   k. Whether the case is related to any other cases, including bankruptcy;

   l. Whether a settlement conference should be scheduled;

////

---

[1] The parties are encouraged, when possible, to file a joint status report.

        m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge;

        n. Any other matters that may add to the just and expeditious disposition of this matter.

    7. Failing to obey federal or local rules, or order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules.

    8. Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. <u>See</u> L.R. 160. In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Dated: November 16, 2016

                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

/hoff2736.sco