1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBIN LEE HOFFMANN,                    No.  2:14-cv-2736 MCE KJN P

12              Plaintiff,

13        v.                                ORDER

14   CORNING POLICE DEPARTMENT, et
     al.,

15

16              Defendants.

17        Plaintiff is a former county jail inmate, proceeding *pro se*.  Plaintiff's motion to amend,

18   accompanied by her proposed fourth amended complaint, is before the court.  On February 2,

19   2017, oral argument was held.  Plaintiff appeared, representing herself, and attorney Kevin J.

20   Dehoff appeared on behalf of defendants.  As explained at the hearing, plaintiff's motion to

21   amend is denied.

22   Background

23        This action was initially opened on November 20, 2014, based on a letter filed by a friend

24   of plaintiff.  Plaintiff was directed to file a complaint, which was filed on January 28, 2015.  (ECF

25   No. 10.)  Plaintiff's complaint named as defendants Justin Jourdan and "2 others named in

26   discovery."  (ECF No. 10 at 2.)  On March 4, 2015, the court granted plaintiff's request to

27   proceed in forma pauperis, found she stated a potentially cognizable Fourth Amendment

28   excessive force claim against defendant Jourdan, and cautioned plaintiff that she should promptly

1

1    identify the two Doe defendants and seek leave to amend to add them.  (ECF No. 12 at 2.)

2    Subsequently, plaintiff moved to amend again, which was denied, but she was granted leave to

3    renew her motion along with a proposed amended complaint.  (ECF No. 14, 15.)  On April 21,

4    2015, plaintiff renewed her motion to amend and filed a proposed amended complaint, naming

5    three additional City of Corning officers as defendants, and listed a series of potential state law

6    causes of action within her statement of damages.  (ECF No. 16.)  On May 8, 2015, the court

7    granted plaintiff's motion to amend, and found she stated potentially cognizable claims against

8    defendants Jourdan, Hill, and Basset based on their alleged use of excessive force, and against

9    defendant Fears for his alleged failure to protect plaintiff, along with various state law claims

10    against all of the defendants.  (ECF No. 17 at 2.)  On June 4, 2015, the court directed service of

11    the amended complaint on defendants Bassett, Fears, Hill, and Jourdan.  (ECF No. 19.)

12           Thereafter, defendants moved to dismiss plaintiff's amended complaint.  (ECF No. 27.)

13    The court found plaintiff failed to allege sufficient factual information to support her Fourth

14    Amendment claims, or to make clear whether she sought to raise certain state law claims.  (ECF

15    No. 27 at 5-7.)  Plaintiff was informed about California's Tort Claims Act requirement, and

16    directed to provide a copy of any such claims.  (ECF No. 27 at 7.)  In addition to providing other

17    state law standards, she was provided the standards for a defamation action, and warned that

18    California imposes a one-year statute of limitations.  (ECF No. 27 at 8.)  Defendants' motion to

19    dismiss was granted, but plaintiff was granted leave to amend.

20           On November 24, 2015, plaintiff filed an unverified third amended civil rights complaint

21    alleging unlawful detention, excessive force, arrest without probable cause, and false

22    imprisonment, all under 42 U.S.C. § 1983, alleging seven new state law claims, and purportedly

23    adding three new defendants:  City of Corning; County of Tehama; and the Corning Super 8

24    Motel.  (ECF No. 28.)  Defendants moved to dismiss on the grounds that plaintiff added legally

25    insufficient federal claims for unlawful detention and false imprisonment pursuant to 42 U.S.C.

26    § 1983, disregarded the court's orders, and included unpermitted additional state law claims and

27    added parties.

28    ////

On August 19, 2016, in detailed findings and recommendations, defendants' motion to dismiss was granted in part and denied in part.  (ECF No. 38, 43.)  Pertinent findings are repeated here:  (1) The October 22, 2015 order did not contemplate the inclusion of new claims or the joinder of new parties, and did not expressly grant plaintiff leave to add new claims or join new parties; plaintiff had amended once as a matter of right; indeed, she had filed three different pleadings (ECF Nos. 10, 16, 28); and plaintiff's prior pleadings alleged Fourth Amendment and state law claims against only law enforcement officers.  (ECF No. 38 at 5-6.)  Thus, the court found plaintiff was required to seek leave of court to add new claims or join a new party; she did not file a proper motion to amend, did not address Rule 20 of the Federal Rules of Civil Procedure, did not explain the reasons for her delay, and did not address defendants' arguments concerning her improper amendments, other than to state she did not believe the order prohibited her from doing so.  (ECF No. 38 at 6.)  The court then reviewed plaintiff's tort claims and compared them to her new allegations, and made the following recommendations:

1.  Plaintiff's state law claims for assault and battery against defendants Jourdan, Hill, and Basset should not be dismissed.  (ECF No. 38 at 10.)

2.  Plaintiff alleged no specific facts connecting defendant Fears to the alleged assault or battery, and her state tort claim included no claims or factual allegations supporting the proposed state law negligence and intentional infliction of emotional distress claims; thus, such claims should be dismissed.  (ECF No. 38 at 10-11.)

3.  As to the three new parties, the court found that plaintiff did not include her proposed state law claims against the City of Corning or the County of Tehama in the tort claim filed with the county.  (ECF No. 38 at 11-12.)  In the alternative, the court found that such claims were time-barred because plaintiff did not file suit against these entities within six months from their May 25, 2014 and April 29, 2014 rejections, as required under state law.  (Id.)  Finally, with regard to the Corning Super 8 Motel, a private actor, the court found plaintiff had not previously named the motel or alleged a conspiracy between motel employees and police, and failed to seek leave to join a new party.  The court recommended dismissal of the three new parties.  (ECF No. 38 at 11-13.)

3

4.  Plaintiff's new Fourth Amendment claims of unlawful detention and false arrest/false imprisonment against defendants Jourdan, Hill, Bassett, and Fears should not be dismissed.  (ECF No. 38 at 13-17.)

5.  Plaintiff properly renewed her Fourth Amendment claims against defendants Jourdan, Hill, and Bassett for excessive force, and against defendant Fears for his alleged failure to protect plaintiff.  (ECF No. 38 at 18.)

Importantly, in the August 19, 2016 findings and recommendations, the court carefully considered whether plaintiff should be granted leave to amend a fourth time, identifying the factors courts use to make the determination, and noting the broad discretion courts enjoy where a plaintiff has previously amended the complaint.  (ECF No. 38 at 18.)  The court found:

> Here, because plaintiff has had multiple opportunities to amend her pleading, significant delay has occurred.  Over two and a half years have elapsed since the December 12, 2013 incident that forms the basis for plaintiff's claims, and this case has been pending over a year and a half.  Moreover, plaintiff did not file the third amended complaint until November 24, 2015, over a year after this case was filed.
>
> In addition, the record reflects that plaintiff consistently pursued her claims as assault and battery or excessive force claims against law enforcement officers.  The tort claims filed with the City and County alleging only assault and battery were filed by an attorney; therefore, any failure to train or supervise claims should have been known at that time.  Delays as short as six to eight months have been found to support denying leave to amend.  See AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) (recognizing that the Ninth Circuit has "held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable").
>
> Although no discovery order has been filed, the issuance of a discovery order was delayed by attempts to get an operative pleading on file.  Defendants have been prejudiced in having to defend a stale case which has yet to proceed beyond the pleadings stage.  It would be unfairly prejudicial to expand the scope of these claims over a year and a half into the case to include a new party wholly unaware of the potential claims.  The officer defendants would be prejudiced by further delay resulting from accomplishing service of process over a new party.  In addition, after successfully filing their first motion to dismiss, such defendants relied on the court's October 22, 2015 order that limited plaintiff's third amended pleading.  Finally, it would be futile for plaintiff to pursue new state law claims against the City of Corning or the County of Tehama because plaintiff failed to timely file suit following the rejection of her tort claims against them.  The court declines to find

4

that plaintiff is acting in bad faith, but finds that defendants would be unduly prejudiced by allowing plaintiff to amend again.

For all of these reasons, the undersigned declines to recommend that plaintiff be granted leave to further amend.

(ECF No. 38 at 19-20.)  Despite plaintiff's objections, the district court adopted the findings and recommendations *in toto* on September 20, 2016.  (ECF No. 43.)

On October 5, 2016, defendants Bassett, Fears, Hill, and Jourdan filed an answer.  (ECF No. 44.)

On October 27, 2016, plaintiff filed her third motion to amend, which was denied without prejudice to proper re-noticing under Local Rule 230 because she is no longer in custody.  (ECF No. 47.)  The case was set for scheduling conference on February 2, 2017.  (ECF No. 47.)  On December 28, 2016, plaintiff filed her fourth motion to amend, and proposed fourth amended complaint, and noticed the motion for hearing on February 2, 2017.  Defendants filed an opposition; plaintiff did not file a reply.  Local Rule 230(d).

A.  The Parties' Arguments

Plaintiff again seeks leave to add three defendants, City of Corning, County of Tehama, and the Corning Super 8 Motel, who were included in plaintiff's second amended complaint, but were dismissed.  Plaintiff claims these entities are equally liable for her injuries; she has filed administrative claims with the City of Corning and the County of Tehama, and received a right to sue letter; and that she is not required to file an administrative claim against the motel, but can pursue her claims for negligence and defamation based on the allegations in her amended pleading.  Although not specifically addressed in her motion, plaintiff also seeks to renew state law claims against the officer defendants.

She argues that leave to amend should be freely given, and that defendants will not be prejudiced because discovery has not yet commenced, and no trial date has been set.  Plaintiff contends that she filed her fourth amended complaint in good faith and without undue delay; since filing her original complaint, plaintiff claims she "later discovered that these parties should be added," but that her prior attempt to add them failed because she failed to follow the proper procedure.

5

1    Defendants oppose plaintiff's motion to amend, pointing out that the district court adopted

2  the undersigned's findings and recommendations which, in part, dismissed all state law claims

3  against the City of Corning and County of Tehama, as well as multiple causes of action as to the

4  individual defendant officers.  (ECF No. 49 at 1.)  Defendants claim that the order "expressly

5  denied plaintiff the ability to further amend her complaint."  (ECF No. 49 at 1.)  Despite this

6  order, defendants contend that plaintiff is not only attempting to amend, but is seeking to add "the

7  same state law causes of action against the City of Corning, County of Tehama, and the officer

8  defendants as the court previously dismissed."  (ECF No. 49 at 2.)  Defendants ask the court to

9  deny plaintiff's motion and award their reasonable costs and fees for opposing the motion.

10    C.  Discussion

11    Under the doctrine of the law of the case, "a court will not reexamine an issue previously

12  decided by the same or higher court in the same case."  Lucas Auto Eng'g, Inc. v.

13  Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001).  The court may exercise its

14  discretion to depart from the law of the case only if one of these five circumstances is present:

15  (1) the first decision was clearly erroneous; (2) there has been an intervening change of law;

16  (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest

17  injustice would otherwise result.  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

18  It is an abuse of discretion for a court to depart from the law of the case without one of these five

19  requisite conditions.  Thomas v. Bible, 983 F.2d 152, 155 (9th Cir. 1993).

20    The court's prior determinations now constitute the law of the case, and will not be

21  revisited.  Plaintiff's motion to amend and proposed fourth amended complaint do not

22  demonstrate that the court's prior decisions were clearly erroneous; in fact, plaintiff fails to

23  address the court's prior determinations concerning her motions to amend.  No new evidence has

24  been presented to the court.  There has been no intervening change of law.  Plaintiff has not

25  shown the presence of changed circumstances or demonstrated that a manifest injustice would

26  occur if the court failed to revisit its previous determination.  Accordingly, it is law of the case

27  that defendants City of Corning, County of Tehama, and Corning Super 8 Motel were dismissed

28  from this action, and plaintiff's proposed new state law claims were also dismissed from this

1    action.  The August 19, 2016 order expressly dismisses these three entities and the proposed new

2    state law claims as identified above.  Under Rule 41(b) of the Federal Rules of Civil Procedure,

3    such dismissals are with prejudice, unless the dismissal order states otherwise.  Here, only

4    plaintiff's state law claims against the Corning Super 8 Motel were dismissed without prejudice.[1]

5            Therefore, plaintiff's motion to file a fourth amended complaint is denied.[2]  No further

6    amendments of plaintiff's pleading are permitted.  In other words, as explained during the

7    hearing, plaintiff may not file another motion to amend in an effort to revisit the decisions

8    previously rendered.

9            D.  Request for Expenses

10           Defendants seek reasonable costs and fees for opposing the motion, arguing that plaintiff's

11   blatant disregard for the court's orders on multiple occasions has forced them to incur

12   unnecessary costs and fees.  Defense counsel avers that during the parties' conference on

13   November 30, 2016, defense counsel learned plaintiff intended to file another motion to amend

14   essentially attempting to bring the city and county back in, as well as her prior state law claims.

15   Defense counsel attempted to persuade plaintiff not to file the motion to amend because the court

16   had already analyzed Rule 15 in connection therewith.  (ECF No. 49-1 at 2.)  Defense counsel

17   declared that "plaintiff responded that she did not believe the attorney representing defendants

18   and would be filing the motion."  (Id.)  Defense counsel responded that although plaintiff is pro

19   per, she is obligated to carefully read the court's orders and not make inappropriate requests that

20   consumed time and wasted resources.  (Id.)

21   ////

22

23   [1]  The court expresses no opinion as to whether plaintiff could pursue such claims in state court.

24   [2]  Even if plaintiff's motion were not barred by the doctrine of law of the case, she failed to
     comply with Rule 15(a) of the Federal Rules of Civil Procedure, despite being provided with the
25   factors used to evaluate motions to amend.  In addition, given the multiple opportunities plaintiff
     has been granted to file an amended pleading, with ample guidance by the court, and the earlier
26   findings that certain deficiencies cannot be cured by amendment, further amendment would be
     futile.  Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (district court may
27   deny a plaintiff leave to amend if the plaintiff had several opportunities to amend its complaint
     and repeatedly failed to cure deficiencies); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).
28

7

1    Plaintiff did not file a reply.  In her motion, she failed to address this court's prior orders

2    or defense counsel's cautions during their conference.

3    Eastern District Local Rule 110 provides that "[f]ailure of . . . a party to comply with these

4    Rules or with any order of the Court may be grounds for imposition by the Court of any and all

5    sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover,

6    Eastern District Local Rule 183(a) provides, in part:

7    
8    Any individual representing himself or herself without an attorney
     is bound by the Federal Rules of Civil or Criminal Procedure, these
9    Rules, and all other applicable law. All obligations placed on
     "counsel" by these Rules apply to individuals appearing in propria
10   persona.  Failure to comply therewith may be ground for dismissal,
     judgment by default, or any other sanction appropriate under these
     Rules.

11   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

12   same rules of procedure that govern other litigants") (overruled on other grounds).  A district

13   court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to

14   Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or

15   fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local

16   rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act

17   sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

18   Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action

19   pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

20   or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

21   53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground

22   for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

23   Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

24   any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir.

25   1986) (per curiam) (stating that district courts have inherent power to control their dockets and

26   may impose sanctions including dismissal or default).

27   Finally, in this court's June 4, 2015 order, the parties were cautioned that failure to

28   comply with the Federal Rules of Civil Procedure or the court's Local Rules "may result in the

1  imposition of sanctions including, but not limited to, dismissal of the action or entry of default."
2  (ECF No. 19 at 5.)

3         Here, the August 19, 2016 findings and recommendations made clear that the court was
4  not granting plaintiff further leave to amend, and the district court's order, fully adopting the
5  recommendations, did not grant plaintiff leave to amend.  Indeed, despite being expressly
6  informed that her claims against the City of Corning and the County of Tehama are time-barred,
7  she attempted to amend to add them based on the same allegations.  Thus, plaintiff's motion to
8  amend was improperly filed in violation of the court's orders.  Plaintiff is required to follow court
9  orders; her failure to do so risks the imposition of sanctions including, but not limited to, a
10 recommendation that this action be dismissed.

11        Because plaintiff's motion to amend violated the court's prior orders without good cause,
12 plaintiff is ordered to pay to the court, no later than February 9, 2017, sanctions in the amount of
13 $250.00.  Plaintiff is cautioned that failure to timely pay the sanctions will result in the imposition
14 of further sanctions including, but not limited to, a recommendation that this action be dismissed.
15 The court declines to award expenses to defendants.

16        Accordingly, IT IS HEREBY ORDERED that:

17        1.  Plaintiff's motion amend (ECF No. 48) is denied;

18        2.  Plaintiff shall pay to the court, no later than February 9, 2017, sanctions in the amount
19 of $250.00; and

20        3.  Defendants' request for expenses is denied.

21 Dated:  February 3, 2017

22
23                                                  _____
                                                   KENDALL J. NEWMAN
24 /hoff2736.mta4                                   UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                   9