UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LEE HOFFMANN, | No. 2:14-cv-2736 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| CORNING POLICE DEPARTMENT, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a former county jail inmate, proceeding pro se. On August 24, 2017, plaintiff's motion to reopen discovery and defendants' motion to exclude plaintiff's expert witness came on regularly for hearing. Plaintiff appeared pro se. Defendants appeared through counsel, Kevin Dehoff. Upon review of the motions and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

II. Background

On February 3, 2017, the court issued its pretrial scheduling order which provided that all non-expert discovery shall be completed by June 8, 2017. (ECF No. 53 at 2.) The parties were

1 reminded that discovery-related motions must conform to the requirements of the Federal Rules

2 of Civil Procedure and this court's Local Rules. As to expert disclosures, the parties were

3 advised that:

> The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **July 7, 2017**. Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **August 7, 2017**. Expert disclosures shall be filed with the court and served upon all other parties. The deadline for expert witness discovery is **September 7, 2017**.
>
> An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

13 (ECF No. 53 at 4.)

14 Defendants filed their expert witness disclosure on July 7, 2017, along with the expert's

15 qualifications and report. (ECF No. 55.) Plaintiff filed her expert witness disclosure on July 10,

16 2017, with plaintiff's statement concerning how Dr. Lieberman would testify. (ECF No. 56.) No

17 expert report was provided. (Id.)

18 III. Plaintiff's Motion to Reopen Discovery

19 Plaintiff seeks an order extending the discovery cut-off so that she may retain counsel to

20 depose defendants, defense witnesses and experts, and "address any other relevant discovery

21 matters as well as conduct her own discovery properly under the advice of counsel." (ECF No.

22 57 at 2.) Plaintiff states she has had many difficulties representing herself, particularly given her

23 medical problems. She states she complied with all of the discovery requests by defendants, "and

24 in the process neglected her own, fulfilling the defense's first." (ECF No. 57 at 6.) Plaintiff

25 claims she "failed to properly serve and file her own discovery with defense counsel," who

26 purportedly refused to answer interrogatories and production of documents because they were

27 received two weeks before nonexpert discovery cut off, despite plaintiff's belief that she "had a

28 two week extension lodged with the clerk." (Id.) Plaintiff claims she has been seeking legal

representation since before this action was filed, and has only now found an attorney to represent her provided the court grants her motion to reopen discovery. In her motion, plaintiff did not identify the attorney, and provided nothing from the attorney to confirm such pledged representation.

Plaintiff argues that her unsuccessful attempts to navigate the rules and orders do not take away from her good faith efforts to obtain counsel, and further argues that she should be permitted to gain representation to "level the playing field" and allow her to focus on her health, about which she alerted the court on February 2, 2017. She argues that her need for discovery outweighs any prejudice to defendants.

In opposition, defendants cite to plaintiff's July 13, 2017 motion, but argue plaintiff offers no explanation for why she did not conduct any discovery during the discovery period. (ECF No. 63 at 1.) Defendants contend that plaintiff's "sole purpose of obtaining proper representation" does not constitute good cause or diligence where plaintiff used her "unable to find counsel" excuse on February 2, 2016, to explain why she failed to timely oppose defendants' motion to dismiss. In any event, defendants point out that the court previously informed plaintiff that "there is generally no constitutional right to counsel in civil cases." (ECF No. 63 at 7, citing ECF No. 53 at 22-28.) Further, defendants argue that they will be prejudiced by an extension of this deadline given they have already identified their expert and his report, which will offer plaintiff a tactical advantage if discovery is reopened. Finally, defendants contend they are prejudiced by plaintiff's continued failure to comply with court deadlines, requiring them to defend a stale case, increasing their costs and exposing them to "a continuing burden of producing evidence," which is inherent prejudice recognized by the Ninth Circuit. (ECF No. 63 at 7, citing <u>Whittaker Corp. v. Execuair Corp.</u>, 736 F.2d 1341, 1347 (9th Cir. 1984) ("The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare" for dispositive motions or trial).

A. <u>Legal Standards: Modifying the Scheduling Order</u>

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), district courts must enter a scheduling order to establish deadlines to, among other things, "complete discovery." Fed. R. Civ.

3

1 P. 16(b)(3)(A). Once issued, a Rule 16 scheduling order "may be modified only for good cause
2 and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling
3 order is within the broad discretion of the district court. Johnson v. Mammoth Recreations, Inc.,
4 975 F.2d 604, 607 (9th Cir. 1982) (citation omitted). Under Rule 16(b)(4)'s good cause standard,
5 the court's primary focus is on the movant's diligence in seeking the amendment. Johnson, 975
6 F.2d at 609. "Good cause" exists if a party can demonstrate that the scheduling order could not or
7 "cannot reasonably be met despite the diligence of the party seeking the extension." Id. (citations
8 omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a
9 grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the
10 modification might supply additional reasons to deny a motion, the focus of the [Rule 16] inquiry
11 is upon the moving party's reasons for seeking modification." Id. (citations omitted). The party
12 seeking to continue or extend the deadlines bears the burden of proving good cause. See
13 Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson, 975 F.2d at 608-
14 09. If the district court finds a lack of diligence, "the inquiry should end." Johnson, 975 F.2d at
15 609; see also Zivkovic, 302 F.3d at 1088.

B. Discussion

Here, plaintiff failed to demonstrate good cause for her belated motion. As an initial matter, plaintiff's motion was filed on July 13, 2017, over a month after the June 8, 2017 discovery deadline passed. Plaintiff contends that she only now located counsel who would take her case provided discovery is reopened. Plaintiff identified the attorney in open court as Michael Sanchez in Los Angeles, but stated that counsel would not agree to represent plaintiff unless the court grants plaintiff's motion to reopen discovery.

During the hearing, the court advised plaintiff that it would not reopen discovery for all purposes based on plaintiff's assertion that an attorney is standing by, willing to take plaintiff's case provided the court grants plaintiff's motion. The undersigned expressed a willingness to consider an attorney's request to reopen discovery for a limited purpose and for a limited time, but would not be inclined to reopen discovery for all purposes in a case filed in 2014 where plaintiff failed to propound any discovery on her own behalf during the discovery period, thus

4

failing to demonstrate diligence.  Plaintiff's motion to reopen discovery is denied.

IV. Motion to Exclude Expert Witness

Defendants state that plaintiff first served them with her expert disclosure on July 5, 2017, but failed to include Dr. Lieberman's signed written report as required.  Defendants informed plaintiff that she was required to file the disclosure, and on July 10, 2017, plaintiff filed the same defective disclosure with the court.  As of July 20, 2017, plaintiff still had not provided her expert's written report or hourly rate.

Defendants argue that allowing plaintiff to belatedly file the report prejudices their ability to prepare cross-examination and rebuttal opinions, and to know Dr. Lieberman's opinions and on what facts they are based, as well as her qualifications, prior experiences, and compensation.  In addition, defendants will be prejudiced because all subsequent dates in the scheduling order will have to be extended.  In addition, plaintiff gains a tactical advantage in that she has had benefit of defendants' expert report since July 7, giving her additional time to prepare and disclose rebuttal opinions.  Dr. Lieberman was not one of plaintiff's treating physicians and was not identified during fact discovery.  (ECF No. 60-1 at 2 n.1.)

Plaintiff did not file an opposition to defendants' motion to exclude.

Rule 26(a)(2) addresses the issue of witnesses and identifies the witnesses who must provide a written report: "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the party must provide the written report with the expert disclosure unless the parties stipulate otherwise or ordered otherwise by the court.  Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff's description of what the expert will report is insufficient.  The report must be in writing and signed by the expert.  Fed. R. Civ. P. 26(a)(2)(B).

In an effort to level the playing field, the undersigned offered plaintiff the opportunity to have her expert witness, Dr. Lieberman, deposed by opposing counsel, provided plaintiff would bear all costs of her expert's expenses.  Plaintiff agreed.  The undersigned clarified that defendants are solely responsible for paying for the certified shorthand reporter and their copy of the deposition transcript; all other expert expenses attendant to the deposition, including travel,

meals, preparation and deposition testimony, will be borne by plaintiff. Because the breadth of Dr. Lieberman's testimony is unclear, defendants' motion to exclude the expert is denied without prejudice, and defendants are granted leave to renew their motion to exclude or to disclose any rebuttal expert within thirty days following the date of Dr. Lieberman's deposition. Plaintiff is granted sixty days to arrange for the deposition of Dr. Lieberman, and plaintiff was cautioned that the court is not inclined to extend this period.

In light of Dr. Lieberman's deposition, some of the deadlines set in the February 3, 2017 pretrial scheduling order are continued, as follows: (1) thirty days after Dr. Lieberman's deposition, defendants may renew their motion to exclude and shall disclose any rebuttal expert; (2) the deadline for expert witness discovery is continued to sixty days following the deposition of Dr. Lieberman, and (3) all law and motion, except as to discovery-related matters, shall be completed within ninety days from Dr. Lieberman's deposition. In all other respects, the requirements set forth in the February 3, 2017 pretrial scheduling order remain the same. For example, in the context of law and motion, all law and motion must be completed within ninety days of Dr. Lieberman's deposition, as the term "completed" is defined in the pretrial scheduling order. (ECF No. 53 at 4.)

Plaintiff is cautioned that in the future her failure to oppose a motion may result in the court barring her from addressing such motion at oral argument under Local Rule 230(c).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen discovery (ECF No. 57) is denied;

2. Defendants' motion to exclude plaintiff's expert testimony (ECF No. 60) is denied without prejudice;

3. Within sixty days from the date of this order, plaintiff shall arrange for Dr. Lieberman to travel to Sacramento to be deposed, at plaintiff's expense, as detailed above;

4. The February 3, 2017 pretrial scheduling order is modified as follows:

    a. Thirty days after Dr. Lieberman's deposition, defendants are granted leave to renew their motion to exclude or may disclose any rebuttal expert;

    b. Sixty days after Dr. Lieberman's deposition, the deadline for expert witness

discovery expires; and

      c. All law and motion, except discovery-related matters, shall be completed within ninety days from Dr. Lieberman's deposition.

In all other respects, the requirements set forth in the February 3, 2017 pretrial scheduling order remain the same.

Dated: August 28, 2017

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hoff2736.reo

7