UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN HOFFMANN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUSTIN JOURDAN, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2736 MCE KJN P<br><br><br>ORDER |

Plaintiff is a former county jail inmate, proceeding pro se and in forma pauperis,[1] in an action brought under 42 U.S.C. § 1983. Plaintiff filed a motion for appointment of pro bono counsel. Plaintiff acknowledges that there is no constitutional right to a lawyer in civil cases, but argues that under 28 U.S.C. § 1915(e)(1), a district court may request an attorney to represent a person proceeding in forma pauperis, and is unable to afford counsel. At present, plaintiff owes additional expert witness fees in the amount of $7,000.00. Plaintiff claims she

> lacks the ability to present an effective case without an attorney, the legal issues are complex, the ultimate legal issues are not complex, but [plaintiff] lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs; factual investigation will be necessary and [plaintiff] is not adequately able to pursue said investigation; this case is likely to turn on credibility determinations. The case

---

[1] Plaintiff was granted leave to proceed in forma pauperis on March 4, 2015, while she was still in custody. (ECF No. 12.)

1

> will require expert testimony, [plaintiff] is unable to obtain and afford counsel of this caliber on her own behalf. . . . Plaintiff has long term injuries as a result from the incident . . . and is active in long term medical treatment and being a patient of mental disability, which hinders her abilities in litigating her own civil rights case.

(ECF No. 71 at 2.) Plaintiff has no training or experience in cross-examination, presenting complicated evidence, or in objecting to opposing counsel's tactics. (Id.) Plaintiff supports her request by citing three out of circuit cases.[2] (ECF No. 71 at 3.) Finally, plaintiff declares that:

> I understand that if a lawyer volunteers to represent me and my lawyer learns that I can afford to pay for a lawyer, the lawyer can give this information to the Court. I hereby waive my privilege of attorney-client confidentiality to the extent necessary for my Pro Bono attorney to make an application to be relieved as provided.

(ECF No. 71 at 3.) In the exhibits provided, plaintiff states that she has retained her expert witness, Dr. Carol Leiberman, paying the sum of $8,000.00, apparently by credit card. (ECF No. 72 at 8, 18-20.)

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court decided that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's "likelihood of success on the merits" and the plaintiff's ability "to articulate [the] claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). "Neither of these

////

---

[2] Hodge v. Police Officers, 802 F.2d 58, 61 (2nd Cir. 1986); Tabron v. Grace, 6 F.3d 147 (3rd Cir 1993); and Parham v. Johnson, 126 F.3d 454 (3rd Cir. 1997). This court is bound by Ninth Circuit authority, and therefore does not address these out of circuit cases.

considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), citing Wilborn, 789 F.2d at 1331.

At this stage of the proceedings, the undersigned is unable to determine whether plaintiff is likely to succeed on the merits of her claims. Indeed, defendants' motion for summary judgment on all claims is presently pending. Plaintiff's claims related to the alleged unlawful arrest, detention, and use of force are not complex, and plaintiff has thus far been able to articulate her claims pro se. Although plaintiff states she suffers from a mental disability, her court filings have been clearly written, her opposition to the motion for summary judgment was timely and complied with the court's local rules, which is rare in this court's experience, and during in-court hearings she has zealously advocated for her position. In Palmer, the court found that where a pro se civil rights plaintiff demonstrates a good handling of the general litigation procedure and has articulated claims adequately, exceptional circumstances are not shown to warrant appointment. Id., 560 F.3d at 970. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet her burden of demonstrating exceptional circumstances warranting the appointment of counsel.[3]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 71) is denied without prejudice.

Dated: October 11, 2017

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

hoff2736.31ps

---

[3] Moreover, it is unclear whether plaintiff remains indigent. There are discrepancies among the two requests to proceed in forma pauperis filed in this action (the first filed by Orlando Cortinas as plaintiff's power of attorney), as well as the request filed in plaintiff's subsequent action raising the same claims. Hoffmann v. Corning Police Department, No. 2:14-cv-2793 MCE DAD (E.D. Cal.) (On May 29, 2015 case dismissed as duplicative of No. 2:14-cv-2736 MCE KJN.). It appears that plaintiff is insured through Medicare, which suggests she is on disability. (ECF No. 73-2 at 51.) Conversely, now that plaintiff has been released from custody, plaintiff has retained an expert with an initial payment of $8,000.00, and plaintiff was unavailable for a period of time due to her travel out of the country. In addition, at some point following the underlying incident, plaintiff retained a law firm to file state tort claims on her behalf, and on June 3, 2014, the law firm remitted to plaintiff $2,397.80 remaining from the retainer fee. (ECF No. 73-2 at 36.)