UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LEE HOFFMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JUSTIN JOURDAN, et al.,<br><br>    Defendants. | No. 2:14-cv-2736 MCE KJN P<br><br><br><br>ORDER |

Plaintiff is proceeding without counsel has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 12, 2017, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff filed objections to the findings and recommendations.

Plaintiff objects that, contrary to the magistrate judge's statement that plaintiff did not oppose the motion for summary judgment on the issue of unlawful detention (ECF No. 77 at 18), plaintiff did oppose the issue. (ECF No. 78.) Plaintiff is correct that in her "Notice of Opposition and Opposition of Defendants' Motion for Summary Judgment or, in the Alternative, Summary Adjudication," plaintiff listed all of the grounds on which she would oppose the motion:

1

The Opposition *will be made* on the following grounds:

> 1. The summary judgment motion for unlawful detention because Defendants had reasonable suspicion that Plaintiff had violated California Penal Code section 537(a)(1) and California Penal Code section 602(s) should be denied. Defendants did not have reasonable suspicion, defendants acted on a false report. Plaintiff was a paying guest and given a key to her motel room at the front desk by Jessica Ramos as her bank statement reflects payment to Corning Super 8 Motel on 12/12/13 (Exhibit "1" Request for Judicial Notice);
>
> . . . .

(ECF No. 73 at 2 (emphasis added).) But it is also true that plaintiff did not address the issue of unlawful detention in her accompanying memorandum of points and authorities in opposition to the motion. (ECF No. 73-1.) Nevertheless, plaintiff's belief that defendants relied on a "false report," because she was given a motel room key at check-in and her bank statement reflects she paid for the room, is unavailing for the reasons discussed in the findings and recommendations:

> For probable cause to exist, it is not necessary that the crime actually have occurred. See Blankenhorn v. City of Orange, 485 F.3d 463, 471 (9th Cir. 2007) (federal standards are "whether at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [subject] had committed or was committing an offense."). The Supreme Court has held that warrantless arrests for crimes committed in the presence of the arresting officer are reasonable under the Fourth Amendment, even though the offense may not be an arrestable offense under state law. Virginia v. Moore, 553 U.S. 164 (2008) (upholding arrest for driving with a suspended license).

(ECF No. 77 at 16.) "Reasonable suspicion" is "a standard less than probable cause." United States v. Arvizu, 534 U.S. 266, 273 (2002) (ECF No. 77 at 17). Because there was probable cause to arrest plaintiff, there was more than a reasonable suspicion to detain plaintiff based on her alleged violation of California Penal Code sections 537(a)(1), defrauding an innkeeper, and 602(s) trespassing. It is of no consequence that plaintiff ultimately paid for the room or was given a motel room key at the time she checked in. Rather, the following facts supported defendants' reasonable suspicion:

> It is undisputed that Ortiz and Aguilar told the police that plaintiff had failed to pay for the motel room, and defendants had no reason to doubt the veracity of either motel employee. When the officer

2

> initially approached her motel room door and knocked, it is undisputed that plaintiff declined to open the door despite her concession in her affidavit that the man at the door identified himself as a police officer. Plaintiff's failure to exit the motel room, after police knocked on her door and announced their presence, further supported their belief that plaintiff was trespassing and defrauding an inn keeper. Plaintiff concedes she subsequently took her phone off the hook (ECF No. 73-3 at 6), depriving motel staff and the police of an opportunity to call her about the matter, and further supporting police officers' belief that she was defrauding an inn keeper and trespassing. Under these circumstances, a reasonably prudent person could conclude there was a fair probability that the defendant had committed and was committing a crime, even though it was a misdemeanor.

(ECF No. 77 at 17.)[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 12, 2017, are adopted in full;

2. Defendants' motion for summary judgment (ECF No. 68) is granted in part and denied in part, as follows:

    A. Defendants are granted summary judgment on plaintiff's false arrest/false imprisonment and unlawful detention claims;

    B. In all other respects, the motion of defendants Bassett, Jourdan, Hill and Fears is denied; and

3. This matter is remanded to the assigned magistrate judge for further scheduling.

IT IS SO ORDERED.

Dated: November 2, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's bank statement reflects a December 16, 2013 checkcard debit for $60.49 for "1212 Super 8 Corning[,] Corning, CA." (ECF No. 73-2 at 6.)