UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LEE HOFFMANN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORNING POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2736 MCE KJN P<br><br><br>ORDER |

Plaintiff is a former county jail inmate, proceeding pro se. On November 3, 2017, the undersigned adopted in full the magistrate judge's recommendations granting in part and denying in part defendants' motion for summary judgment, and granted summary judgment on plaintiff's false arrest/false imprisonment and unlawful detention claims. On November 20, 2017, plaintiff filed a motion for reconsideration on the false arrest/false imprisonment claim.

"[A] motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule and as a motion under Federal Rule of Civil Procedure 60(b) otherwise." Moore v. Mortgage Elec. Registration Sys., Inc., 2016 WL 2897943 at *1 n.1 (9th Cir. May 18, 2016) (citing Am. Ironworks &

Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001)). Since plaintiff's motion for reconsideration was filed within twenty-eight days of the order, the motion is considered under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

In her motion, plaintiff fails to present newly discovered evidence, demonstrate that the court committed clear error, or show that there has been an intervening change in the controlling law. Rather, plaintiff merely reiterates her argument that no offense or crime was committed in front of the arresting officer at the motel. (ECF No. 92 at 2.) Such argument is insufficient to require reconsideration of the order granting defendants summary judgment on plaintiff's claim for false arrest/false imprisonment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 92), is DENIED.

IT IS SO ORDERED.

Dated: December 4, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE