UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LEE HOFFMANN, | No. 2:14-cv-2736 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| CORNING POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding pro se. Pending before the court is defendants' motion to dismiss, or to exclude expert witness and for monetary sanctions. On January 11, 2018, oral argument was held. Plaintiff appeared by telephone, representing herself, and attorney Kevin J. Dehoff appeared on behalf of defendants. Upon review of the documents in support and opposition, the statements made at the hearing on this matter, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

I. Background

On February 3, 2017, the court issued its pretrial scheduling order. All non-expert discovery was to be completed by June 8, 2017, and discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this court's Local Rules. (ECF No. 53 at 2.) As to expert disclosures,

1

> The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **July 7, 2017**. Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **August 7, 2017**. Expert disclosures shall be filed with the court and served upon all other parties. The deadline for expert witness discovery is **September 7, 2017**.
>
> An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

(ECF No. 53 at 4.) The order warned that the deadlines set in the order would be strictly enforced, advised that the parties, including pro se parties, must comply, and that "failure to comply with the terms of the order may result in the imposition of monetary and all other appropriate sanctions, including dismissal or an order of judgment." (ECF No. 53 at 1.)

Defendants filed their expert witness disclosure on July 7, 2017, along with the expert's qualifications and written report. (ECF No. 55.) Plaintiff filed her expert witness disclosure on July 10, 2017, identifying Dr. Carole Lieberman as the expert witness, and included plaintiff's statement concerning how Dr. Lieberman would testify. (ECF No. 56.) No expert report written by Dr. Lieberman was provided. (Id.)

At the August 24, 2017 hearing, rather than exclude plaintiff's expert witness in light of plaintiff's failure to provide the expert's written report,[1] the court provided plaintiff an opportunity to have Dr. Lieberman deposed by opposing counsel, provided plaintiff would bear all costs of her expert's expenses.[2] Plaintiff agreed. (ECF No. 69 at 5; 70 at 14-15.) Defendants'

---

[1] At the hearing, the undersigned explained to plaintiff that he was "actually trying to be somewhat over-accommodating because if [plaintiff] were an attorney [the] answer would be you didn't file a Rule 26 report, you don't have a report from your expert, that expert is stricken, period. [We] wouldn't be exploring these other options." (ECF No. 70 at 18.)

[2] The court clarified that defendants were responsible for paying for the certified shorthand reporter and their copy of the deposition transcript; all other expert expenses attendant to the deposition, including travel, meals, preparation and deposition testimony, would be borne by plaintiff. (ECF No. 69 at 5-6.)

motion to exclude expert witness was denied without prejudice, and plaintiff was granted sixty days to "arrange for Dr. Lieberman to travel to Sacramento to be deposed, at plaintiff's expense." (ECF No. 69 at 7.) Plaintiff was cautioned that the court was not inclined to extend the sixty day period. (ECF Nos. 69 at 6; 70 at 20.)

Defendants attempted to arrange the deposition of Dr. Lieberman from August 25, 2017, to September 21, 2017, without success. (ECF No. 87-2 at 2-5.) On September 21, 2017, defendants filed a notice of deposition for Dr. Lieberman's deposition to be held on October 11, 2017, in Sacramento, pursuant to the court's prior order. (ECF No. 69 at 5.) Plaintiff attempted to re-locate the deposition to Los Angeles, and on September 26, 2017, plaintiff emailed defense counsel to advise that Dr. Lieberman was on vacation. (Id. at 5-6.) On October 5, 2017, defense counsel wrote and emailed plaintiff to confirm the re-scheduling of the expert deposition to October 20, 2017, and requested that Dr. Lieberman confirm her attendance. (Id. at 6.)[3] On October 11, 2017, plaintiff emailed defense counsel and confirmed that she would provide her expert's report before the October 20 deposition, and confirming her expert would be available by telephone/video deposition on October 20, 2017. (Id. at 7.) Defense counsel responded on October 11, 2017, stating his intent to proceed with the in-person deposition as properly noticed. (Id.) On October 16, 2017, defense counsel's assistant emailed plaintiff with a carbon copy to Dr. Lieberman asking plaintiff to confirm that her expert would attend the October 20, 2017 deposition in person as noticed. On October 16, 2017, Dr. Lieberman responded to defense counsel's office that she would not be attending her deposition on October 20 because she was not served with a subpoena and had not been paid to attend the deposition. (Id.) On October 17, 2017, defense counsel's partner, Bruce Kilday, wrote a detailed response to plaintiff and Dr. Lieberman, explaining that no subpoena was required because Dr. Lieberman was plaintiff's retained expert, and pursuant to court order, plaintiff was responsible for the expert fees related to

---

[3] Defense counsel chose not to respond to plaintiff's October 6, 2017 email which asked whether defense counsel was going to offer to settle, or have plaintiff thrown in jail for not paying sanctions, and claiming the judge and defense counsel are better "game[s]manship" players." (ECF No. 87-3 at 98.) Plaintiff included statements about karma and attempted murder. (Id.)

3

the deposition. (Id. at 8.) Mr. Kilday requested that Dr. Lieberman consider attending the deposition as noticed. (Id.) On October 18, 2017, Dr. Lieberman emailed defense counsel's office stating that she would not be attending the October 20, 2017 deposition. (Id.)

On November 3, 2017, defendants' motion for summary judgment was granted in part and denied in part. (ECF No. 84.)

On November 7, 2017, defendants filed the instant motion. Defendants request the action be dismissed based on plaintiff's failure to obey a court order and for the discovery abuse surrounding her proposed expert's deposition.[4] Fed. R. Civ. P. 37(b); 41(b). In the alternative, defendants renew their motion to exclude Dr. Lieberman as an expert witness at trial (ECF No. 60), and seek monetary sanctions. Plaintiff filed an opposition, and defendants filed reply.

II. Motion to Dismiss

   A. Terminating Sanctions

In regards to a party's failure to obey a court's discovery order, Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part:

> **(2) Sanctions in the District Where the Action Is Pending.**
>
> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

---

[4] Defendants include descriptions of plaintiff's actions throughout this action and prior to the filing of the first motion to exclude Dr. Lieberman's deposition. However, the undersigned confines the analysis of defendants' motion to the circumstances surrounding plaintiff's failure to comply with the August 29, 2017 order requiring that, within sixty days, plaintiff arrange for Dr. Lieberman's deposition in Sacramento. (ECF No. 69.)

4

        (v) dismissing the action or proceeding in whole or in part;

        (vi) rendering a default judgment against the disobedient party; or

        (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

        . . .

        (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

As the Ninth Circuit Court of Appeals has observed, "[a] terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007); see also Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (describing the sanction of dismissal as "harsh"); Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (per curiam) (stating that where "the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith").

The court considers five factors in evaluating whether a case-dispositive sanction imposed pursuant to Federal Rule of Civil Procedure 37(b)(2) is justified: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Conn. Gen. Life Ins. Co., 482 F.3d at 1096; accord Computer Task Group, Inc., 364 F.3d at 1115. As to the fifth factor, the court further considers "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins. Co., 482 F.3d at 1096; accord Leon, 464 F.3d at 960. The Ninth Circuit Court of Appeals has stated that this multi-factor test is "not mechanical," Conn. Gen. Life Ins. Co., 482 F.3d at 1096, and the court "need not make explicit findings regarding each of these factors," Leon, 464 F.3d at 958. Rather, the test "provides the district court with a way to think

about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." Conn. Gen. Life Ins. Co., 482 F.3d at 1096. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether discovery violations threaten to interfere with the rightful decision of the case." Id. at 1097.

Courts may also impose sanctions, including terminating sanctions, as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Ninth Circuit has held that the same five-factor test utilized in the context of Rule 37 sanctions is applied when considering sanctions under the court's "inherent power." Leon, 464 F.3d at 958 n.4.

On February 3, 2017, plaintiff was advised of this court's power to impose sanctions, including terminating sanctions, based on plaintiff's failure to prosecute or to comply with court orders. (ECF No. 52 at 8-9.) The parties were reminded in the scheduling order. (ECF No. 53 at 1.)

Defendants claim that they have refrained from seeking drastic sanctions to-date because plaintiff is proceeding pro se, despite her prior litigation maneuvers, untimely and incorrect filings, and representations of questionable authenticity over the years, and despite many instances of sanctionable conduct. But defendants argue that her failure to arrange or to cooperate in defendants' efforts to arrange Dr. Lieberman's deposition "exemplified deceptive gamesmanship wasting defense counsel and staff's time, and causing a needless loss of the public's financial resources." (ECF No. 87-1 at 4.) Defendants contend that plaintiff's representations regarding the deposition of Dr. Lieberman "appear to have been a facade" (id.), and plaintiff misled the defense for months regarding such deposition (ECF No. 87-1 at 16).

In her opposition to the instant motion, plaintiff claims that defendants have created a "false narrative." (ECF No. 89 at 2.) Yet, despite the detailed chronology provided by defendants, along with copies of emails and correspondence supporting such narrative, plaintiff fails to provide a detailed response addressing each communication, or explaining how the

////

////

6

narrative is false. Plaintiff's opposition is essentially without substance,[5] other than her new pronouncement that she is unable to afford Dr. Lieberman's deposition expenses. At the hearing, after being pressed by the undersigned, plaintiff identified the "false narrative" as defense counsel's insistence that plaintiff speak with his secretary, not with the attorney.

But what is clear is that the deposition of Dr. Lieberman was not arranged within the court's sixty day deadline, despite the court emphasizing such deadline, and despite the myriad efforts of defense counsel and his staff to arrange such deposition. In addition, during the hearing, it became clear that following the August 24, 2017 hearing, plaintiff made no arrangements to pay Dr. Lieberman's expenses to prepare for and appear at the deposition, such that the deposition was going to be arranged by October 28, 2017, or even take place. Even when it became clear plaintiff could not afford Dr. Lieberman's deposition-related charges, plaintiff failed to timely-inform defense counsel, such that the parties might simply stipulate that plaintiff would not call Dr. Lieberman as an expert witness, rather than require the filing of a motion and a hearing, further increasing everyone's time and expenses, including the court's. Thus, plaintiff is in violation of the court's order, and unfairly increased the time, effort, and expenses incurred by defense counsel.

That said, despite the numerous yet failed efforts defense counsel made to arrange the deposition, the undersigned is unwilling at this juncture to impose the very drastic sanction of terminating sanctions. The email exchanges between plaintiff and defense counsel and his staff demonstrate she delayed the scheduling of the deposition, delayed expert witness discovery which was to be completed by September 7, 2017, and certainly delayed a deposition that ultimately did not, and would not, occur. The instant dispute has delayed the scheduling of the pretrial conference and jury trial. But in the meantime defendants' motion for summary judgment was

---

[5] Plaintiff also claims that she did not understand what she was doing at the hearing where she agreed to pay for Dr. Lieberman's deposition in Sacramento, and now apparently believes she should have declined. (ECF No. 89 at 2.) But plaintiff misunderstands the procedural posture of her case at the time. Because plaintiff was required to provide the expert's written report at the time the expert was disclosed, the expert must be excluded absent some alternative method to enable defendants to discover Dr. Lieberman's expert opinion from Dr. Lieberman, not from the plaintiff.

7

heard and decided, and the case has not yet been set for trial. Public policy favors resolution on the merits, and there are less drastic sanctions available, as discussed below. Although plaintiff did violate the court's order requiring plaintiff to arrange for Dr. Lieberman's deposition, the lesser sanction of excluding such expert witness is appropriate. Therefore, defendants' motion to dismiss this action as a sanction is denied.

### B. Motion to Exclude Expert Witness

In the alternative, defendants renew their motion to exclude Dr. Lieberman as plaintiff's expert witness. It is undisputed that plaintiff failed to provide Dr. Lieberman's signed written report with plaintiff's July 5, 2017, expert disclosure, which is why the court provided plaintiff with the opportunity to rectify such failure by making the expert available for deposition. Fed. R. Civ. P. 26(a)(2)(B). If the proponent fails to provide information required by Rule 26(a)(2), the court has discretion to issue sanctions under Rule 37(c)(1). See Fed. R. Civ. P. 37(c)(1); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-07 (9th Cir. 2001) (courts have wide latitude to issue sanctions under 37(c)(1), and "have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded.").

The record makes clear that plaintiff did not timely arrange such deposition as required by the August 29, 2017 order. Plaintiff denies she willfully did not provide the expert witness for deposition, but now claims that she is unable to afford the fee Dr. Lieberman requested for a deposition. (ECF No. 89 at 4.) Plaintiff provided a copy of Dr. Lieberman's October 25, 2017 statement. Despite waiving the $7,700 balance due on previous work, the expert would require an additional payment of $11,200 to prepare the expert report, and to prepare and appear for deposition. (ECF No. 89 at 7-8.) Plaintiff does not indicate the date[6] she first learned of Dr. Lieberman's deposition fees, but makes clear that plaintiff cannot afford to pay them. (Id.)

In light of plaintiff's failure to comply with the August 29, 2017 order, the court orders that Dr. Lieberman be excluded as plaintiff's expert witness at trial.

////

---

[6] At the hearing, plaintiff claimed she learned of such fees on the Monday before the Friday Dr. Lieberman was to appear for deposition.

8

C. Motion for Monetary Sanctions

In addition to excluding Dr. Lieberman as an expert at trial, defendants seek monetary sanctions for plaintiff's discovery abuse in the sum of $6,598.50, attorneys' fees defendants allege were incurred during the lengthy discovery dispute addressed in their motion.[7] (ECF No. 87-1 at 18.) Defendants did not provide a detailed billing statement. Rather, defense counsel declares that his office spent 40 hours in this latest discovery dispute, including the original motion to exclude Dr. Lieberman, countless emails and meet and confer letters, and the instant motion, and that the firm's hourly rate varies from $175 to $225 per hour, depending on the responding attorney's experience. (ECF No. 87-2 at 8.) Defendants' first motion to exclude Dr. Lieberman was denied without prejudice, and no award of attorneys' fees or costs was made. Defendants' generalized request, $6,598.50, does not indicate what portion was expended on the first motion, and what portion was expended following the August 29, 2017 order and in connection with the instant motion. But the record makes clear that counsel and his staff expended an inordinate amount of time unsuccessfully attempting to arrange Dr. Lieberman's deposition.

Plaintiff appears to oppose monetary sanctions on the grounds that she cannot afford to pay further sanctions due to $100,000 in medical bills, she is scheduled for another surgery, and she will now lose the $8,000 paid to Dr. Lieberman because plaintiff cannot afford to pay the expert's deposition expenses. (ECF No. 89 at 3.) Dr. Lieberman's October 27, 2017 statement is dated after the deposition noticed for October 20, 2017, and after the myriad emails exchanged between the parties prior thereto, but even if plaintiff first learned of the expert's expenses on Monday, October 16, or October 27, such belated knowledge demonstrates that plaintiff did not make good faith efforts to determine and pay her expert's fees early enough in the sixty day period in order to ensure the deposition would be firmly set by the October 28, 2017 deadline. Simply picking a deposition date is meaningless if the expert witness has not been paid fees to

---

[7] Defendants did not incur the cost of a certified shorthand recorder because they inquired of Dr. Lieberman beforehand, and no travel expenses were incurred because the deposition was to be held in Sacramento.

9

prepare and appear for the deposition.

Therefore, as explained at the hearing, the undersigned sanctions plaintiff in the amount of $1,000, payable to defense counsel's firm, Angelo, Kilday & Kilduff, LLP, for plaintiff's failure to comply with the August 29, 2017 order, and for the additional attorneys' fees she caused defense counsel and his staff to incur in attempting to arrange her expert's deposition. Plaintiff is warned that her failure to pay the $1,000 within thirty days from January 11, 2018, will result in a recommendation that this action be dismissed as a sanction for her continued failure to comply with court orders. Defense counsel shall file a notice of compliance when the sanctions are paid in full.

III. Request for Discovery Responses & Sanctions

In her opposition, plaintiff asks the court to order defendants to respond to plaintiff's special interrogatories and request for production of documents, while confirming such discovery requests were untimely propounded. (ECF No. 89 at 4.) Because defendants failed to respond to such discovery requests, plaintiff also requests the court sanction defense counsel under Rule 37 based on his failure to "make disclosure or cooperate in discovery." (ECF No. 89 at 4.)

However, because plaintiff's discovery requests were untimely propounded, defendants were not required to respond. Moreover, plaintiff's request to reopen discovery was denied on August 29, 2017. (ECF No. 69.) Thus, plaintiff's request is denied.

IV. Miscellaneous

The parties shall meet and confer to discuss whether this action should be set for settlement conference[8] and, if so, whether it should be scheduled before the undersigned or a different magistrate judge. Within fourteen days, the parties shall advise the court accordingly.

As discussed at the hearing, the undersigned is aware of the difficulties pro se litigants encounter in prosecuting their cases in federal court. To that end, plaintiff is informed that on April 6, 2018, McGeorge Law School students will provide a "Pro Se Help Day" at the Eastern

---

[8] The undersigned proposed that defense counsel may opt to stay imposition of the $1,000 sanctions to credit toward settlement, if the parties agree that settlement negotiations are worthwhile, but cautioned that defendants are under no compulsion to do so, and are entitled to decline settlement negotiations, particularly if the parties' demands are too far apart.

10

District courthouse. Pro se litigants with pending cases will be offered a chance to have orders and filings reviewed, but without creating a formal attorney-client relationship. If plaintiff wishes to seek such assistance, she must travel to Sacramento and bring appropriate documents for review.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss this action as a sanction (ECF No. 87) is denied.

2. Defendants' motion to exclude Dr. Lieberman as plaintiff's expert witness (ECF No. 87) is granted. Plaintiff may not call Dr. Lieberman as a witness at trial.

3. Defendants' request for monetary sanctions (ECF No. 87) is partially granted; no later than thirty days from January 11, 2018, plaintiff shall pay sanctions in the amount of $1,000 to Angelo, Kilday & Kilduff, LLP, 601 University Avenue, Suite 150, Sacramento, CA 95825. Plaintiff's failure to remit the sum of $1,000 within the thirty day period will result in a recommendation that this action be dismissed. Defense counsel shall file a notice of compliance when the sanctions are paid in full.

4. Plaintiff's request for discovery responses and sanctions (ECF No. 89) is denied.

5. Fourteen days from the date of this order, the parties shall inform the court whether a settlement conference is requested, as set forth above.

Dated: January 12, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hoff2736.mtd.oah.sanc