UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LEE HOFFMANN,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN JOURDAN, et al.,<br><br>Defendants. | No. 2:14-cv-2736 MCE KJN P<br><br><br>FURTHER SCHEDULING ORDER |

This action proceeds solely on plaintiff's claims that defendants Bassett, Jourdan, and Hill allegedly used excessive force on December 12, 2013, in violation of the Fourth Amendment; whether defendant Fears failed to protect plaintiff during the incident; and whether defendants Bassett, Jourdan, and Hill committed assault and battery on plaintiff in violation of California state law. The parties have addressed settlement, and it appears inappropriate to set a settlement conference at this time. Thus, the court sets a further schedule for this litigation.

The parties will be required to file pretrial statements in accordance with the schedule set forth below, and are cautioned to limit their statements to the claims remaining for trial, as identified above. As set forth in this court's initial scheduling order, in addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff must make a particularized showing in the pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth

1

below may result in the preclusion of any and all witnesses named in the pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits; and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove the case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, plaintiff must follow certain procedures to ensure that the witnesses will be at the trial and available to testify. The procedures are detailed in the November 7, 2017 order. (ECF No. 86 at 2-4.) Because it does not appear that plaintiff intends to call any incarcerated witnesses, only the procedures for unincarcerated witnesses are set forth below.

I. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

II. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the <u>full amount of the witness' travel expenses plus the daily witness fee of $40.00</u>. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the

////

tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

### III. Consent to the Magistrate Judge's Jurisdiction

The parties have not consented to the magistrate judge's jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c), and they are under no obligation to do so. However, if the parties voluntarily elect to so consent, they may file appropriate consent forms with the court. If the parties consent, it is likely a jury trial date could be set before the end of 2018.

Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), THIS COURT ORDERS AS FOLLOWS:

1. Discovery is closed.

2. Law and motion is closed.

3. Plaintiff shall file and serve a pretrial statement on or before May 4, 2018. Defendants shall file a pretrial statement on or before May 25, 2018. The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

4. Pretrial conference (as described in Local Rule 282) is set in this case for June 22, 2018, before the undersigned. The pretrial conference shall be conducted on the file only, without appearance by either party.

5. Due to the district court's trial schedule for the remainder of 2018 and the beginning of 2019, this matter is set for a Status Re: Trial Setting on March 7, 2019, at 2:00 p.m., in courtroom 7 and the parties shall file a Joint Status Report not later than ten (10) days before this hearing. To expedite resolution of this matter, the parties are reminded of Local Rule 305(a) and may consent to trial before a Magistrate Judge. The parties may request referral to settlement conference before a Magistrate Judge.

6. The Clerk of the Court shall send the parties the form Consent to Proceed Before a United States Magistrate Judge.

Dated: March 6, 2018

/hoff2736.41sjd2

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3