UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LEE HOFFMANN, | No. 2:14-cv-2736 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| JUSTIN JOURDAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed a second motion for appointment of pro bono counsel, and noticed it for hearing on May 10, 2018, before the undersigned. Plaintiff also seeks permission to appear by telephone.

Plaintiff acknowledges that there is no constitutional right to a lawyer in civil cases, but argues that under 28 U.S.C. § 1915(e)(1), a district court may request an attorney to represent a person proceeding in forma pauperis, and is unable to afford counsel. She argues the legal issues are complex, and she is not familiar with the rules of evidence. Plaintiff contends that discovery is needed, and that factual investigation is necessary, which she cannot pursue, but she concedes the case will likely turn on credibility determinations. Plaintiff argues that her mental disability and long-term injuries hinder her ability to litigate this case. She is not an attorney and has no legal training or experience in cross-examining witnesses or presenting complicated evidence. Finally, plaintiff declares that:

1

> I understand that if a lawyer volunteers to represent me and my lawyer learns that I can afford to pay for a lawyer, the lawyer can give this information to the Court. I hereby waive my privilege of attorney-client confidentiality to the extent necessary for my Pro Bono attorney to make an application to be relieved as provided.

(ECF No. 116 at 2.)

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), citing Wilborn, 789 F.2d at 1331.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has been able to articulate her claims pro se; indeed, her case has survived defendants' motion to dismiss and motion for summary judgment. As previously noted, despite plaintiff's alleged mental disability, her court filings have been clearly written, her opposition to the motion for summary judgment was timely and complied with the court's local rules, and during in-court hearings she has zealously advocated for her position. (ECF No. 76 at 3.) In Palmer, the court found that where a pro se civil rights plaintiff demonstrates a good handling of the general litigation procedure and has articulated claims adequately, exceptional circumstances are not shown to warrant appointment. Id., 560 F.3d at 970.

Here, the jury will be charged with deciding whether defendants Bassett, Jourdan, and Hill used excessive force, and whether such defendants committed assault and battery on plaintiff in

violation of California state law, as well as whether defendant Fears failed to protect plaintiff. As plaintiff recognizes, this case will largely turn on the witnesses' credibility. Thus, the legal issues involved in the resolution of this case are not particularly complex. Although such claims survived summary judgment, it is unclear whether plaintiff is likely to succeed at trial.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet her burden of demonstrating exceptional circumstances warranting the appointment of counsel. In addition, plaintiff is reminded that discovery is closed. Her pretrial statement is due on or before May 4, 2018. (ECF No. 113.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 116) is denied;
2. The May 10, 2018 hearing is vacated; and
3. Plaintiff's request for telephonic appearance (ECF No. 117) is denied.

Dated: April 12, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hoff2736.31b